JUDGE BOBEBTSOÍT
delivered the opinion oe the court.
To secure a debt of $1,227.35, due by H. C. Ford to ¥m. Teal, Ford’s wife Catharine joined him in the execution of a note for that amount, and of a mortgage of a tract of land to which she holds the legal title. On a petition to foreclose the mortgage and an amended petition praying alternately for a sale of the land on the alleged ground that the note was given for necessaries furnished by Teal to Mrs. Ford and family, her answer relied on her coverture, averred that she had never been privily examined, and denied that the note and mortgage were given for necessaries.
Nevertheless the circuit court decreed the sale of the land; and this appeal from that judgment involves the question of necessaries and that of the privy examination.
Some portion of. the consideration of the note was money loaned by Teal to H. C. Ford to procure a substitute in the Federal army, into which Ford was drafted in the year 1864; and the appellee insists that to that extent the consideration was necessaries to Ford’s family, for which Mrs. Ford’s land is liable on her written obligation. We do not thus construe “necessaries” in the statute law on this subject, but understand it as contemplating food, raiment, shelter, or other comforts for the family, and as not including a debt incurred for the husband’s relief from imprisonment, impressment, or other personal and sole liability unconnected with family sustentation. Therefore, had the entire consideration been the procurement of the substitute, Mrs. Ford’s property would not be liable.
*158 Section 22, chapter 24, Revised Statutes, 1 Stanton, 282, still requires privy examination as before, but subsection 1 dispenses with a formal certificate of such examination, and makes a general certificate of acknowledgment prima faoie evidence of proper privy examination of a married woman. To repel the legal presumption of such uncertified examination, extraneous evidence is admissible to prove that the only acknowledgment was simple, without examination, and in the husband’s presence, as in this case, and not contradicting the certificate itself, is competent, and in this case that negative proof is ample and conclusive.
The mortgage is therefore not binding on Mrs. Ford; and the law and facts as litigated in this case do not authorize the subjection of the land as the husband’s and not the wife’s.
Wherefore the judgment subjecting to sale the land conveyed to Mrs. Ford is reversed, and the cause remanded for a dismission of the petition as to that land.