CHIEF JUSTICE ROBERTSON
delivered the opinion oe the court.
It satisfactorily appears in this case that, in taking the acknowledgment of the wife of the deed mortgaging her own land to secure her husband’s debt, the clerk, who certified only that she acknowledged the deed before him, neither read nor explained it to her, and that the husband was present when her acknowledgment was taken. While the clerk testifies that he presumes that he did all that the law required, but does not recollect either the husband’s presence or that the deed was read or explained, two other credible witnesses, who were present, testify positively and oiraumstantially that the husband *224 was present; that the deed was not read; and that, she being reluctant, he urged her to sign and acknowledge it.
As adjudged in the case of Ford, &c. v. Teal, lately decided by this court, the statute providing that a, simple certificate of the fact of acknowledgment of a conveyance of land in Kentucky by a married woman shall be “evidence” of her privy examination, and of the uncertified fact also that the deed was read and explained to her as the law prescribes, should not, as we still think, be interpreted as making it conclusive evidence, but intended only that, as the officer should be presumed to do his whole duty, his certificate of mere acknowledgment should be prima facie evidence, subject, however, like other legal presumptions, to be rebutted by oral or other testimony overcoming the legal presumption, independently of any counteracting proof. Such testimony does not contradict any fact certified by the clerk, but only repels a deduction arising from the presumption that the clerk understood that a privy examination and the reading and explanation of the deed were necessary to the conclusive effect of the feme’s acknowledgment, and so understanding did his duty. The statute only changes the onus. Without that enactment making a mere certificate of acknowledgment evidence of privy examination, and all else which the same statute requires to make the deed binding, the party claiming under the deed could not hold without a special certificate of all the required facts; but all he is now required to show is the certificate of the single fact of acknowledgment, and he thereby throws on the other party the burden of defeating the presumption of all the required facts, just as a party may repel the presumption of payment from lapse of time, and just as other mere presumptions may be repelled by counter-presumptions established by parol evidence.
Being of graduated degrees of force, evidence is not always proof. The statute does not fix the grade of the evidence, nor *225 does it specify its degree of force, nor intimate whether it shall be proof of privy examination until assailed and disproved, or conclusive and unquestionable. And characterizing it as mere evidence without qualification necessarily implies that, like other presumptive evidence, it is prima facie, but not conclusive and intraversable, proof. Any such constructive qualification of conclusiveness by this court would interpolate what the act prudently avoided on its face, and would jeopard more than ever the rights of married women, and indirectly impute legislative stultification. The old conservative rule of strictly judicial examination for securing intelligence and free volition had already been too much relaxed by substituting ministerial instrumentalities as quasi-judicial, whereby ignorance, haste, and neglect have too often perverted the protective aim of the law, and made its promised guardianship an idle form and a cruel mockery.
In the case just referred to the clerk testified that he did not know that privy examination was necessary in cases of mere mortgage! It is the duty of the judiciary to guard, as much as it consistently can, the helpless and dependent against the abuses of this legislative relaxation, and especially against constructive extensions of it.
The legislature, presuming that clerks would understand and perform all their duties as expressly enjoined by the law, and desiring to dispense with the formality and amplitude of special certificates of the legal performance of each distinct service as previously adjudged indispensable to the validity of the acknowledgment, saw fit to declare that a certificate of acknowledgment alone should be admitted as “ evidence ” of privy examination, etc.; and so therefore we 'must recognize it as long as uncontroverted. But we will not presume to go beyond the express legislative term and presumed object, as we would do if we adjudge such mere evidence as conclusive as a judgment, or even as conclusive as the certificate of *226 acknowledgment itself? This we can not venture to do. The legislature did not so say; we must presume that it did not so intend, as it did not say that it intended such an absurd and anomalous innovation. It is sufficient to admit the official certificate, as modified, to be evidence of non-certified requirements until the presumption of the uncertified acts is overthrown by satisfactory evidence of the non-performance of them; and this fulfills the legislative purpose as indicated by its language and by analogy and security.
Why should the simple word “ evidence ” be constructively amplified into conclusive and incontrovertible proof in this case more than in every other? And why, if the legislature contemplated such an exception from the grammatical, legal, and popular import of that unqualified term, did it not so qualify it as to certify such singular and hazardous purpose? Looking at the context, presumed object, and necessary import of the word “ evidence ” as it stands in the statute, we adjudge it to be prima facie evidence only.
The danger of subornation, inadvertence, or forgetfulness of witnesses — perhaps not greater than- the ignorance or inadvertence of some clerks — not more imminent than in other cases of oral testimony to contradict other presumptions of law, should only require that the repellant testimony should be strong and assuring, as we think it is in this case, fortified especially as it is by the indisputable fact that by falsehood and threats the appellee intimidated the unadvised and isolated wife, and by the fact also that her husband, anxious for the mortgage, urged her reluctant signature and acknowledgment in the clerk’s presence.
Our conclusion is that the mortgage so far as it affects Mrs. Woodhead’s land is void.
Wherefore the judgment for the sale of her land is reversed, and the cause remanded with instructions to dismiss the petition as against her.