### P. N. BRADLEY'S EX'RS *v.* J. G. LYLES ET AL.

**Courts—Stare Decisis.**

Decisions of the Court of Appeals construing statutes, which have apparently been acquiesced in by the Legislature in the revision of the statutes, will not be disturbed.

**Husband and Wife—Pleading—Coercion of Wife.**

An allegation by a wife that she was driven to the signing of the mortgage by her husband, against her consent, is equivalent to alleging that she did not act freely and voluntarily in executing the instrument.

**Husband and Wife—Acknowledgment by Wife—Coercion.**

The evidence was held to show that a wife was coerced by her husband into the signing and acknowledging of the execution of a mortgage.

APPEAL FROM LOGAN CIRCUIT COURT.

January 24, 1874.

OPINION BY JUDGE LINDSAY:

It is now too late to question the rule of construction announced in the two cases of Ford et al. v. Teal, 7 Bush 156; and Woodhead

et al. v. Foulds et al., 7 Bush 222. Since the decisions in these cases, and after full and free criticism by the profession, the General Statutes have been adopted, and Sec. 22, Chap. 24, Rev. Stat., re-enacted, or rather continued in force without the slightest change. See Sec. 21, Chap. 24, Gen. Stat.

Of course this action by the legislature does not specially affect the rights of the parties to this cause; but it does indicate that the law-making power concurred with this court, and approved the construction given by it to the statute in question. Such being the case, we do not feel at liberty to reopen the question for discussion.

We are of opinion that the appellee, Mrs. H. G. Lyles, was not competent to testify, in this cause. The plaintiffs sued as executors, and Mrs. Lyles comes within the exceptions stated. Sec. 25, Chap. 37, Gen. Stat. Still the judgment appealed from should not be reversed. Mrs. Lyles pleads that she was driven to the signing of the mortgage by her husband, against her consent. This was in effect an allegation that she did not act freely and voluntarily in making and executing the instrument.

Excluding her testimony, it is shown by the deposition of R. I. Lyles, that she was sent for and brought to the clerk's office; that the witness, the mortgagee and the husband remained on the sidewalk in front of the office; that Mrs. Lyles came to the door in the act of leaving; that she was asked by her husband if she had "fixed it" (the mortgage), and upon her replying that she had not, the husband told her in the presence of the mortgagee, "to quit her foolishness and go back and sign it." This direction she obeyed. The clerk who was brought upon the witness-stand by appellants, corroborated the testimony, and shows almost conclusively that Mrs. Lyles did not act freely and voluntarily. He states that the acknowledgment taken in his office was not satisfactory to him; that Mrs. Lyles seemed to be in a hurry and did not wait for a proper examination. He did not, from what transpired at his office, consider the paper properly acknowledged, and so told the mortgagee.

It is true the clerk says that according to his recollection, Mrs. Lyles afterwards on the same evening ratified her acknowledgment or rather re-acknowledged the paper. About this, however, he is evidently mistaken, and appellants virtually concede that his recollection on this subject is at fault.

Considering the testimony of R. I. Lyles and the clerk, it appears almost beyond question that Mrs. Lyles was coerced or overawed

by her husband into the execution of the mortgage, and that the mortgagee was apprised of some· of the facts attending the transaction, enough, at least, to put him upon inquiry. The knowledge of the mortgagee is not relied on as a ground of defense, but as it is disclosed by the proof, we can enforce the rule announced in Woodhead et al. v. Foulds et al., without any fear of doing injustice to an innocent guarantee. The judgment of the circuit court is affirmed.

*Jas. C. Bowden, for appellants.*

*A. G. Rhea, for appellees.*