CASE 21—PETITION EQUITY—APRIL 17.

## Moorman, &c. v. Board, &c.

APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

1. ACKNOWLEDGMENT OF DEEDS BY MARRIED WOMEN.—The acknowledgment and consent by a married woman that a conveyance may be recorded must be her free and unconstrained act. Unless the one is made and the other is given separately and apart from the husband, the presumption that she did not act freely and without constraint arises as a matter of law, and is conclusive of the question.
2. IT IS NOT ESSENTIAL THAT THE DEED SHOULD BE EXPLAINED TO THE WIFE SEPARATE AND APART FROM HER HUSBAND.—Although the law directs the clerk to explain the deed to the wife separate and apart from her husband, it is not indispensably necessary that it should be so explained in order to make it valid.

It is the information as to the contents and legal effect of the instrument, and not the time, place, and mode in which it is imparted, nor the person who imparts it, that constitutes the essence of the legal requirement.

WILLIAMS & BROWN,  }
N. C. McMERCER, . . }            . . . . . . . . .    For Appellants,

CITED

General Statutes, sec. 25, p. 414.
Cooley's Con. Lim. pp. 74, 77, 78.
9 B. Mon. 540, Scarborough v. Watkins & wife.
2 Bush, 215, Willis & wife v. Woodward.
2 Story's Equity, sec. 1395.
3 Johnson's Ch. 523, Braddish v. Gibbs.
2 Reynolds's System of Medicine, p. 143.
7 Bush, 156, Ford v. Teal.
7 Bush, 223, Woodhead, &c. v. Foulds, &c.
3 Bush, 575, Martin v. Davidson's heirs.
3 Dana, 113, Nantz v. Bailey.

J. W. KINCHELOE & ESKRIDGE, }
J. G. HASWELL, . . . . . . . } . . . For Appellees,
SWEENEY & STUART, . . . . }

CITED

3 Bush, 576, Martin v. Davidson.
1 Peters, 341, Spratt v. Spratt.
6 J. J. Mar. 532, Burnett v. Shackleford.
3 J. J. Mar. 242, Whitaker v. Blair.
3 Dana, 116, Nantz v. Bailey.
5 Mon. 41, Hughes v. McKinsey.
5 B. Mon. 481, Gregory v. Ford.
8 B. Mon. 219, Blackburn v. Pennington.
8 B. Mon. 183, Gill v. Fauntleroy.
7 Bush, 156, Ford v. Teal.
7 Bush, 225, Woodhead v. Foulds.

JUDGE LINDSAY DELIVERED THE OPINION OF THE COURT.

On the 6th day of March, 1872, William E. Board and Josephine Board his wife joined in a conveyance to Daniel Heston, by which they conveyed to him "all the right and interest of the said Josephine in and to all real estate, lands,

and tenements which descended to her from her father, John Dean." Pursuant to the purpose and object of the grantors Heston, on the same day, reconveyed the said estate to the husband, William E. Board, subject to a life estate in favor of his said wife, Josephine.

About a year thereafter Mrs. Board died. This action was instituted by her children by her first husband, one Moorman. They seek to have the deed to Heston and the conveyance from him to William E. Board set aside and held for naught. The grounds relied on are: *First*—That Mrs. Board was induced to join in the execution of the deed to Heston by the fraud, importunities, and coercion of her husband. *Second*— That she was mentally incapable of making a valid and binding disposition of her property. *Third*—That the deed was not executed and acknowledged in accordance with the requirements of the statute.

We will consider the first and second grounds together. The proof shows that Mrs. Board was a woman of good mind, of fair education, and of reasonable business qualifications. It shows that during the life of her first husband she had been addicted to the excessive use of alcoholic liquors, but that in that respect her habits had been reformed; that some short time after her second marriage said habit of indulgence returned, and that her general health was thereby impaired and her mental powers, as in all such cases, somewhat affected. The evidence does not show that she was constantly nor even habitually under the influence of intoxicating drinks, and it is proved that when free from such influence she was possessed of sufficient capacity to transact business of any kind.

She was much older than her husband, was probably superior to him in intellect, and seems in most things to have exercised a controlling influence over him. The proof tending to establish the averments as to undue influence, improper importunities, fraud, and coercion, either physical or moral, is

unsatisfactory and inconclusive. The witnesses manifest some feeling against appellee, and are singularly deficient in memory as to matters they would not likely forget, and those who speak most directly as to the points involved are shown by other witnesses introduced by appellants to be of doubtful reputation at least.

Upon the other hand, appellee proves that he and his wife, notwithstanding the difference in their ages, lived together harmoniously, and that the wife not only manifested for her youthful husband affection and regard, but gave repeated evidences of the fact that she was rather vain on account of her union with him.

We think too that the testimony shows a not unnatural if not a sufficient reason why Mrs. Board should desire her husband rather than her children to have the property embraced by the conveyance to Heston. Her children were opposed to her marriage. She had reason to believe, and the testimony conduces in some degree to show, that some of them threatened her husband and possibly herself with personal violence. Time, instead of healing, rather intensified the ill feeling existing upon the part of the elder children. Mrs. Board believed that her son-in-law Howard had expressed the desire that she should not visit his house, and intercourse between her and her married daughter was almost completely suspended. Her children threatened her with litigation respecting certain property that had been conveyed to her many years before by her father. It was intimated to her through their friends that unless steps were taken to settle this threatened litigation certain scandals affecting her reputation as a chaste woman would be revived.

In this state of case she compromised with them by conveying to them a tract of land of the value of $9,000, and surrendering to them one half of her personal property for the consideration of $3,000 and their relinquishment of any other

and further claim against her estate. Immediately after this settlement Mrs. Board began to speak of her intention to give the remainder of her property to her husband. She seemed to think that her children were sufficiently provided for, and they held out to her no inducement after her marriage to do more for them than her ideas of justice and propriety demanded that she should do. We think the evidence justifies the conclusion that in making the conveyance to Heston, in order that he might convey to appellee, she but carried into effect a design she had entertained all the while after the settlement with her children was made.

While we do not doubt that appellee was anxious to have the conveyance executed, and while we are inclined to examine the transaction with great caution and with apprehension of undue influence, we think this case falls within the class of cases illustrated by the decision in Scarborough v. Watkins and wife.

The proof utterly fails to show that Mrs. Board was not in the full possession of her mental faculties when she executed, delivered, and acknowledged the deed to Heston, and it is not proved that she was at that time under the influence of stimulating potions or intoxicating drinks. She may have drank to excess after the transaction had been fully completed; but to determine that she was intoxicated on that day, at any time prior to its consummation, would be to disregard all the evidence relating to that point. Neither of the two grounds under consideration is sustained.

The decided weight of the testimony is in favor of the conclusion that Board was not in the room nor in sight of his wife at the time the clerk took her acknowledgment to the deed. Instead of contradicting the presumption of law that she was examined separately and apart from him, it rather supports said presumption.

But it is proved by the clerk, if he be a competent witness

to prove such a fact, that he did not then and there, nor in fact at any time, explain to her the contents of the instrument. Appellants insist that it is equally as essential to the validity of a conveyance executed by a married woman that the clerk shall explain its contents and its effect to her separately and apart from her husband, as that her acknowledgment and consent shall be so given.

The acknowledgment and the consent that the conveyance may be recorded must be the free and unconstrained act of the wife. Unless the one is made and the other given separately and apart from the husband, the presumption that she did not act freely and without constraint arises as matter of law, and is conclusive of the question.

While the law thus presumes, for the protection of the wife, that the presence of the husband puts her in moral duress, at least as to her actions, there is no such presumption as to the acquisition of information by her touching the contents and legal effect of a written instrument by which her rights are to be affected. The information may be imparted in the presence of the husband. The wife may, in point of fact, draft the instrument herself, and may comprehend it more fully than the husband. To insure to her an opportunity for free inquiry, the law directs the clerk to explain the deed to her separate and apart from her husband; but as it is the information as to the contents and legal effect of the instrument, and not the time, place, and mode in which it is imparted, nor the person who imparts it, that constitutes the essence of the legal requisition, it can not be regarded as indispensably necessary that the deed shall have been explained by the clerk in the absence of the husband in order to make it valid.

That it was so explained, and therefore that Mrs. Board did understand its contents and legal effect, is to be presumed from the certificate of the clerk. Appellants seek to overcome this last and essential presumption by showing, not that she

did not understand the deed, but that the clerk did not explain it to her. We need not intimate what our decision would be if the proof left the case in this attitude.

But it is proved beyond question that the attorney who prepared the conveyance, and who in the matter may be said to have represented as well Mrs. Board as her husband, did read the deed to her and did explain to her its contents and legal effect. It is objected, however, that when this explanation was made the husband was present, and therefore Mrs. Board did not have an opportunity to make full and free inquiry. The evidence does not very clearly show that the husband was present at the time of the explanation; but if it be true that he was, it is still manifest that Mrs. Board made all the inquiries she desired to make. When the clerk, in the absence of her husband, offered to make the necessary explanation, she failed to avail herself of the opportunity to make further inquiry, and declined to listen to the tendered explanation upon the ground that she had heard the deed read and understood it. Another circumstance worthy of note is that the conveyance accords exactly with the desire and intention of Mrs. Board as expressed to Heston, when in the absence of her husband she requested him to accept the conveyance in order that he might re-convey to the appellee.

We are asked in this case upon oral testimony to disregard the presumption of law arising from the certificate of the clerk that Mrs. Board understood the contents and effect of the deed when she acknowledged it and consented that it should be recorded. This oral testimony not only fails to contradict this presumption, but in fact shows that it is true. Such being the case, the presumption must control. In view of the conclusions thus reached it is not necessary that we shall pass upon the questions raised upon the appeal as against Jones and McGill.

The judgment is affirmed as to all the appellees.

(Judge Cofer did not sit in this case.)