JUDGE COFER
delivered the opinion oe the court.
The evidence in the case of Ford, &c. v. Teal (7 Bush 156) to repel the presumption arising from the facts certified by the clerk is said to have been “ample and conclusive.” In the case of Woodhead v. Foulds (7 Bush, 222) the, court said, “It satisfactorily appears that in taking the acknowledgment of the wife of a deed mortgaging her own land to secure her husband’s debt, the clerk, who certified only that she acknowledged the deed before him, neither read nor explained it to her, and that the husband was present when the acknowledgment was taken. While the clerk testifies that he presumes that he did all that the law required, but did not recollect either the husband’s presence or that the deed was read or explained, two credible witnesses, who were present, testify positively and circumstantially that the husband was present, that the deed was not read, and that she being reluctant, he urged her to sign and acknowledge it.
These two cases clearly indicate that the evidence in such a case must be “ strong and assuring.” A bare preponderance of the oral evidence will not be sufficient. It must go further, and satisfy the mind of the court with reasonable certainty that the law has not been complied with. Some weight must be given to the presumed intelligence of the clerk, and his certificate ought not to be overturned by a bare preponderance of evidence against it. It is impossible to lay down any more definite rule on this subject than to say that if after making all proper allowance for the official knowledge and fidelity of the clerk, and giving proper effect to the legal presumption that he did his duty, it is still manifest to the mind of the court that the law has not been complied with, then, and not until then, is the case brought within the rule laid down in the cases supra.
The temptations to perjury and subornation are so great that wherever the fact is fairly debatable the presumption *249 of law must prevail. This is the full extent to which we understand these cases to go; and as the evidence in this case is not of that strong and assuring character, we must hold that the deed has not been successfully assailed.
The clerk swears positively that he did explain the contents and effect of the deed to Mrs. Coleman, and that her husband was then absent from the room, and that she thereupon acknowledged the deed and consented that it might be recorded. And although he may have been mistaken as to facts occurring or existing around him, which had no connection with the business in which he was engaged, it does not seem to us that this weakens but rather strengthens his evidence as to the facts which he says he does remember. He is corroborated in the material facts by the mortgagee, who, although the others swear he was not, swears that he was present, and that the clerk did explain the contents and effect of the deed, and that Mrs. Coleman acknowledged it, and consented that it might be recorded, and that her husband was not then present.
On the other hand, Mrs. Coleman, Mrs. Wheeler, and a daughter of Mrs. Coleman’s husband swear the deed was not explained, that the husband was present all the time while the clerk was in the room, and that Mrs. Coleman was never asked and never consented that it might be recorded. Mrs. Wheeler and Miss Coleman, who was then only about fifteen years of age, were in an adjoining room, and the young lady says she was standing at a mirror combing her hair. There was a sale at Coleman’s on that day, and a number of persons were there; the house was in confusion, and no reason is given why the attention of Mrs. Wheeler and the young lady should have been specially directed to the manner and form of taking the acknowledgment. It does not appear that either of the three ladies knew at the time, or that they learned for many months afterward, that the non-explanation of the deed and the presence of the husband were of the slightest consequence.
*250 Under these circumstances we feel no hesitation in saying that the evidence is not of that clear and convincing character which is necessary to bring the case within the rule laid down in the cases on which the judgment of the circuit court annulling the deed was based. To overturn the certificate of a clerk made under the sanctions of an oath and of official responsibility upon such evidence, given by interested or sympathizing witnésses, would be to deny to official action any greater weight or sanction than is accorded to merely private acts and declarations. This we are not required to do by the letter or spirit of the cases relied on, nor can wé do so without rendering all titles derived through married woman subject to great uncertainty and hazard.
As the evidence in the case does not bring it within the rule so earnestly and ably assailed by counsel for appellants, and from which the learned circuit judge seems to have apprehended so. much danger to the repose of society and the security of titles, it is neither necessary nor proper that we should re-examine the principle decided in the cases of Ford v. Teal and Woodhead v. Foulds.
It results from what we have said that the court erred in annulling the deed of mortgage made by Mrs. Coleman to Wilson and in dismissing appellants’ petition as to her; but we perceive no other error in the record.
Wherefore the judgment is reversed on the original and affirmed on the cross-appeal, and the cause is remanded with directions to dismiss Mrs. Coleman’s petition for a new trial and her cross-petitions against appellants, and to enter judgment of foreclosure against the land embraced in the mortgage to C. W. Wilson.