JUDGE ELLIOTT
delivered the opinion or the court.
It appears from the exhibits and proof in this cause that appellants, previous to Nov. 11, 1874, had become bound as indorsers of appellee, Thomas P. Rogers, for several hundred dollars, and that appellant W. L. Jett held a note on him for over $900; and to secure the appellants against loss by-reason of their having indorsed appellee, T. P. Rogers’s, paper, as well as to secure the claims of appellants, the appellees, T. P. Rogers and wife, executed a mortgage to appellants.This mortgage bears date 11th of November, 1874.
This mortgage also secured appellants from any loss by reason of indorsing appellee, T. P. Rogers’s, paper, after its execution. This paper was soon after its execution acknowl *566 edged and lodged in the Franklin County Court clerk’s office for record.
Appellees admit the execution of the mortgage, but deny that the mortgage deed was so explained to Mrs. Rogers, who was a feme covert, in the absence of her husband, as to pass either her homestead or dower interest in the land.
Appellant W. L. Jett proved that he was present when Mrs; Rogers signed and acknowledged the mortgage before the clerk of the Franklin County Court, and that before she did so he read and explained it fully to her in the presence of Mr. Crockett, the clerk, who took the acknowledgment. He proved that after he had fully read and explained the mortgage deed to Mrs. Rogers, and in the absence of her husband, who had been sent out of the room, the clerk said to her that he presumed she was willing to sign it, and she answered, “Yes, sir;” and did then and there sign it and acknowledge it to be her act and deed.
The clerk of the Franklin County Court seems to have forgotten all about the circumstances of the acknowledgment of the mortgage, except that he learned from his certificate that the acknowledgment had been taken in the usual form.
Appellee Thos. P. Rogers proved that the mortgage was signed and acknowledged by his wife in his presence, but he also says: “I read it all over to her by piece-meal, explaining to her as I went my intention in giving the mortgage, which ■was for the use of the $800, which I could not continue business without, on which condition she finally consented to sign the mortgage.”
Mrs. Rogers swears that her husband was present when she signed and acknowledged the mortgage, but also swears that she “ knew what was meant by the mortgage.”
In the case of Moorman v. Board, &c. (11 Bush, 135) it was held that “while the law thus presumes for the protection of the wife that the presence of the husband puts her in moral *567 duress, at least as to her actions, there is no such presumption as to the acquisition of information by her touching the contents and legal effect of a written instrument by which her rights are to be affected. The information may be imparted in the presence of the husband. The wife may, in point of fact, draft the instrument herself, and may comprehend it more fully than the husband. To insure her an opportunity for free inquiry the law directs the clerk to explain the deed to her separate and apart from her husband; but as it is the information as to the contents and legal effect of the instrument, and not the time and place and mode in which it is imparted nor the person who imparts it, that constitutes the essence of the legal requisition, it can not be regarded as indispensably necessary that the deed shall have been explained by the clerk in the absence of the husband in order to make it valid.”
It is evident from the proof that Mrs. Rogers was fully-acquainted with the contents of the instrument before she executed and acknowledged it. Her husband testifies that he read it over to her, sentence by sentence, and explained it as he went; and W. L. Jett says he read to her the entire mortgage, and explained it to her, only a few minutes before she signed it; and the clerk, who was present, without reexplaining the contents of the writing, took her acknowledgment.
We have in this case the evidence of the husband of Mrs* Rogers that the mortgage was explained to her in detail at her house, and the evidence of Mr. Jett that it was carefully read and explained to her in the presence of the clerk before she signed and acknowledged it, together with her own evidence that she “knew what was meant by the mortgage.”
It seems to us that as the clerk’s explanation of the deed could only have had the effect to impart to Mrs. Rogers a full knowledge of the contents of the instrument she was about to acknowledge, if she had already obtained such knowledge, *568 both in his presence and in his absence, it rendered a repetition of the deed by the clerk, and an explanation of its contents unnecessary, for if he had read and explained it to her even more than once she could only have learned from him what was “meant by the mortgage,” and that much she said she already knew. As to whether the mortgage deed was signed and acknowledged in the presence of the husband the evidence is conflicting.
The law required that the acknowledgment should have been taken in the absence of the husband, and the presumption of law is that it was so done, for the law presumes that the clerk did his duty, and a bare preponderance of evidence will not be sufficient to overturn this presumption.
In the case of Ford, &c. v. Teal (7 Bush, 156) this court said that the evidence to repel the presumption that the deed had been acknowledged and put to record as required by the statute was “ample and conclusive,” and in Woodhead v. Foulds (7 Bush, 222) this court said such evidence must be satisfactory, and in Hughes & Co. v. Coleman, &c. (10 Bush, 246) it was said that such evidence must be “strong and assuring.”
In this case the court held that “ a bare preponderance of the oral evidence is insufficient; it must go further and satisfy the minds of the court with reasonable certainty that the law has not been complied with. Some weight must be given to the presumed intelligence of the clerk, and his certificate ought not to be overturned by a bare preponderance of evidence against it.
From the authorities quoted it seems to us that in order to overturn the presumed verity of the clerk’s certificate, that the deed of a married woman had been acknowledged according to the statutory requirements, the evidence must not only preponderate, but must make it manifest to the mind of the court that the statute has not been complied with.
*569 In this case it is neither palpable nor manifest from the evidence that the acknowledgment was not taken in the absence of the husband.
The appellant, W. L. Jett, swears that Mr. Rogers was absent when the deed was acknowledged by his wife, and was absent by his request in order that the deed might be acknowledged in his absence. Mr. and Mrs. Rogers both say that Mr. Rogers was absent a short time after Mrs. Rogers went to the clerk’s office, but had returned before she acknowledged the mortgage deed.
Ve thus have one witness against two that the law was complied with in the acknowledgment of the deed, and the consent for it to go to record by Mrs. Rogers; and if the presumption furnished by the clerk’s certificate be regarded as equal to the evidence of a single witness, then there is not even a preponderance of evidence that the husband was present when his wife signed and acknowledged the deed. We therefore fail to perceive that the evidence is either palpable or manifest that the clerk failed to obey the requirements of the statute in taking Mrs. Rogers’s acknowledgment and admitting the deed in dispute to record.
There seems to be no complaint as to the sums adjudged against Mr. Rogers. But for the errors indicated the judgment is reversed, and the cause remanded for further ploceedings not inconsistent with this opinion.