JUDGE COFER
delivered the opinion oe the court.
In January, 1873, Wylie and wife made a mortgage to Harpending, embracing the homestead of the husband. In a suit to enforce the mortgage-lien Harpending’s executors obtained judgment by default. Before the judgment was executed by a sale of the property, Wylie departed this life. In response to a rule to show why the judgment should not be revived, the widow and heirs made defense which was disposed of by this court in the case of Harpending’s executors v. Wylie, 13 Bush, 158.
*382 Mrs. Wylie and her children subsequently filed a petition for a new trial on the ground that she and her husband were prevented by unavoidable casualty and misfortune from making defense. And they set up as a defense that the mortgage, although appearing on the face of the certificate to have been regularly acknowledged before R. L. McGoodwin, then clerk of the Caldwell County Court, was not acknowledged before him but before one of his deputies, who failed to make the necessary ..certificate, and they alleged that the making of the certificate was the result of mistake on the part of the clerk, but do not allege in what the mistake consisted.
The court below granted a new trial, and from that judgment this appeal is prosecuted.
We assume that the grounds for a new trial were made out, and shall consider only the question whether the defense proffered has been established.
The evidence shows quite clearly that the mortgage was acknowledged by Mrs. Wylie before a deputy, that the certificate was written by another deputy, and was signed by the clerk with his own hand,- and that it was not acknowledged before him by the feme or her husband. There was indorsed on the mortgage, and signed by the deputy before whom it was acknowledged, the following memorandum, but it was not embraced in the certificate of the principal clerk, nor has it been recorded: “Acknowledged by J. S'. Wylie and S. L. Wylie his wife and O. R.”
In Ford v. Teal, 7 Bush, 156, and Woodhead v. Foulds, ibid. 222, this court held that .it was competent to prove by parol evidence that a deed executed by a feme eovert was not read or explained to her, or that her husband was present when she acknowledged it, and thus to avoid the deed as to her.
The statute then as now only required a clerk in. this state to certify that the deed was acknowledged before him by the *383 feme, and then went on to declare that a certificate in the prescribed form should be evidence that she had been examined separate and apart from her husband, and that'the contents and effect of the instrument had been explained to her, and that she consented that it should be recorded.
The parol evidence was admitted in those Oases not to contradict any fact stated in the certificate, but to rebut an inference deduced by the law from the facts which were stated, and the court was careful to place its decision upon that ground.
In the first of those eases the court said:
“Section 22, chapter 24, Revised Statutes, 1 Stanton, 282, still requires privy examination as before, but subsection 1 dispenses with a formal certificate of such examination, and makes a general certificate of acknowledgment prima facie evidence proper of privy examination of a married woman. To repel the legal presumption of such uncertified examination, extraneous evidence is admissible to prove that the only acknowledgment was simple, without examination, and in the husband’s presence, as in this case, and not contradicting the certificate itself, is competent,” etc. And in the latter case the court said, “Such testimony does not contradict any fact certified by the clerk, but only repels a deduction arising from the presumption that the clerk understood that a privy examination and the reading and explanation of the deed were necessary to the conclusive effect of the feme’s acknowledgment, and so understanding did his duty.”
The full scope and extent of those cases go no further than to decide that extraneous evidence is competent to repel the legal presumption arising from the facts expressly certified by the officer, and they consequently furnish no authority whatever for the introduction of such evidence to contradict the fact expressly stated by the clerk in his certificate in this case, that the deed was acknowledged before him by Mrs. Wylie.
*384 And the fact that the court in those cases was careful to say that the extraneous evidence admitted did not contradict any fact certified by the clerk, and to place its admission distinctly on that ground, shows that the court did not then suppose that parol evidence could, under any circumstances, in the absence of fraud, be admitted to contradict a fact expressly stated by the clerk in his certificate, and which, if he took the acknowledgment, the law required him to state.
We have not been referred to any case in which it has been decided that a fact stated in a clerk’s certificate of the acknowledgment of a deed can be disproved by extraneous evidence, nor have we been able to find any such case. Nor have we found any case in which such evidence is expressly held to be inadmissible. That precise question seems never before to have been brought before this court for decision.
But the cases in 7 Bush, cited supra, are strong negative authority for holding that such evidence is inadmissible. The evident anxiety of the court to make it clear that parol evidence was not being admitted “ to contradict any fact certified by the cleric” plainly shows it was then considered that such evidence could not be admitted for' that purpose.
A general principle of the law of evidence is that facts appearing on a public record, whether of judicial proceedings or of a deed or other writing required or permitted by the law to be recorded for the preservation of evidence, or other purpose, can not be contradicted by parol evidence.
In Prewit v. Graves, 5 J. J. Mar. 117, this court held that it was competent to prove by extraneous evidence when an unrecorded certificate of acknowledgment was indorsed on a deed, but that the certificate, after being recorded, could not be contradicted by such evidence, and that decision does not rest on the ground that the party to be affected by the contradiction was a married woman, but on the more comprehensive ground that the thing to be contradicted was a record.
*385 In Daniel v. Toney, 2 Met. 523, exceptions were filed to certain depositions taken before a justice of the peace in the state of Virginia. The justice certified that the answers of the witness were written by him. One ground of the exceptions was that that statement was not true, and the party excepting offered to prove that the answers were not in the handwriting of the justice, but this court held the evidence incompetent to contradict the certificate.
In Cain v. Flynn, 4 Dana, 500, the parties claimed the land in contest under separate patents, and Flynn offered to prove by the surveyor on whose certificates of survey both patents issued, that he did not make an actual survey of Cain’s claim, although he had officially certified that he had, and that a certificate had been registered in the land office, as required by law, and a patent issued thereon.
This court, in passing upon the question whether such evidence was competent, said, “ Principle and policy both forbid that written instruments, made by authority of law, or the compact of parties — the permanent repositories and testimonies of truth, and of the most important rights — should be subject to be impeached, contradicted, or annulled by loose, collateral parol testimony. The surveyor, the appointed agent of the law, has made out and certified officially, the execution of a survey, for the plaintiff, on a day therein designated. That survey, by law, has been made the foundation of his patent, hot only as to its boundaries, but as to the date of its execution. The law elevates his patent to the dignity of record evidence of title. Shall it still, after all those solemnities, be subject to the assaults of parol testimony ? The best interest of society demands that it should not, and the wisdom of the law forbids it.”
The same may with equal propriety be said of the clerk’s certificate in this case, and in all cases where there is an attempt to pass the title of a married woman. The titles *386 of purchasers, immediate and remote, depend wholly, under our law, upon the validity of the certificate of acknowledgment and the recording of the deed and certificate. If the certificate is not valid all else is in vain, and can not affect the title of the feme, whether the land remains in the hands of her immediate vendee or is conveyed to others.
The certificate being invalid the deed is void, and the purchase-money, if paid, can not be recovered back except from the husband. When the defect appears on the face of the deed or certificate purchasers are put upon notice, and if they buy and lose their investment they have no just cause for complaint. But when, as in this case, the certificate is regular on its face and has been recorded, justice and the best interest of society demand that it should not be open to the assaults of parol evidence.
The public should be able to repose implicit confidence in the verity and stability of the public records of land titles; and no class of persons is so vitally interested in the firm establishment of this rule as married women. They are interested that the public shall know that, fraud aside, a deed regularly executed by a married woman and recorded, together with a cex’tificate of acknowledgment, valid on its face, will pass her title, and is not subject to be impeached by parol evidence.
If such evidence be admissible, then the title to real estate, conveyed or attempted to be conveyed by femes covert, no longer depends upon the public record of titles, but upon parol evidence, and a door will be opened for the perpetration of frauds, full of peril to individuals and to society.
Such a rule will no doubt produce individual cases of hardship. But this is nearly always the necessary consequence of the establishment of a general rule of law. Human laws are necessarily imperfect. All they can do is to provide rules that will in the long run be promotive of the general good. Either this or each case must be decided according to the conscience *387 of the judge, which would lead to utter and hopeless confusion and uncertainty.
There is much less danger of occasional wrong resulting from the oversight, ignorance, or bad faith of officers authorized to certify the acknowledgment of deeds, than in opening the door for the admission of parol evidence in all cases to prove that the feme did not acknowledge the deed at all, or that her husband was present, or that'the deed was not read or explained to her by the clerk.
There is no middle ground as to facts distinctly stated by the officer in his certificate. Such evidence must be admitted in all cases or rejected in all, and in our opinion neither principle, authority, nor the interest of society at large or of femes covert as a class leave any room for serious controversy as to what is and ought to be the rule of law on the subject.
The rule does no wrong in this case. It is not pretended that the consideration for the mortgage was not received, or that Mrs. Wylie did not acknowledge the mortgage to Harpending.
It is admitted she did, and the only ground upon which its obligatory effect is sought to be avoided is that the certificate of acknowledgment was not written out and signed by the deputy before whom the acknowledgment was made.
If no certificate had been made and recorded we should be compelled to hold the mortgage invalid as to the homestead exemption, because that exemption can only be waived in the mode indicated by the statute. But we find in the record a certificate in which the officer says she did acknowledge it, and no fraud on the part of the mortgagee being alleged or proved, that must be the end of the matter between him and Mrs. Wylie, unless she can be relieved on the ground of mistake on the part of the clerk.
It was contended in the argument by appellants’ counsel that section 17, chapter 81, General Statutes applies to this *388 case, and cuts off all inquiry into the truth of the certificate, unless upon an allegation of fraud on the part of the mortgagee or mistake on the part of the clerk; and that no mistake being shown, except a mistake of law on the part of the clerk in supposing he had a right to certify, as taken by himself, an acknowledgment taken by his deputy, the statute is conclusive of the case.
The appellees’ counsel contended that the mortgage having been executed and recorded before the General Statutes took effect, the section swpra does not apply.
The conclusion already reached renders it unnecessary that we shall pass upon the question in this case, and we forbear to express an opinion on the subject.
The only evidence of mistake on the part of the clerk is of a mistake of law. It is not claimed that he was mistaken as to any fact. If he was mistaken at all it was, as contended by appellants’ counsel, in supposing he had a right to certify an acknowledgment made before his deputy as though taken by himself, and as we can not inquire into the fact whether it was in fact taken by him as he certifies it was, we can grant no relief on the ground of mistake.
Judgment reversed, and cause remanded with directions to dismiss the petition for a new trial, and to execute the former mandate.