### KELLY SUTTON v. MARTHA A. PUCKETT.

[Abstract Kentucky Law Reporter, Vol. 2—316, 319.]

**Release of Homestead.**

A mortgage which purports to convey the whole estate in the mortgaged property destroys the homestead, whether the fee be in the wife or in the husband.

**Acknowledgment of Mortgage.**

Where an acknowledgment of a mortgage is taken before a deputy clerk, and the clerk writes out the certificate and puts the mortgage and certificate to record but fails to sign the certificate either on the record or the mortgage, after his term of office expires his successor may legally sign the name of the former clerk both to the mortgage certificate and to the certificate on the record, and such mortgage will have the same force and validity that it would have had if signed by the clerk who wrote the certificate.

APPEAL FROM HENDERSON COURT OF COMMON PLEAS.

March 2, 1881.

OPINION BY JUDGE HINES:

The mortgage in this case purports to convey the whole estate in the mortgaged property. The homestead right is thus destroyed, whether the fee be in the wife or in the husband. *Wing v. Hayden,* 10 Bush (Ky.) 276.

The mortgage was acknowledged before a deputy, who made his indorsement in the usual form, and afterwards the clerk wrote out the certificate as if the acknowledgment had been made before him.

put the mortgage and certificate to record, but failed to sign the certificate written on the mortgage or on the record. After the term of service of the clerk had expired, the mortgage remaining in the office, his successor signed the name of the former clerk both to the mortgage certificate and to the certificate on the record. The mortgage was executed while the Revised Statutes were in force. 1 Rev. Stat. (1867), Ch. 24, § 27, authorizes such signing without prescribing the effect. The effect of this signing by the clerk of the certificate made by his predecessor is to give it the same force and validity that it would have had if signed by the clerk who wrote it. Otherwise the statute is imperative. Treating the certificate as if signed by the clerk who wrote it, there being no fraud charged upon the mortgagee, and no mistake alleged on the part of the clerk making the certificate, it is conclusive as to the fact of acknowledgment as certified. *Harpending's Exrs. v. Wylie,* 14 Bush (Ky.) 380.

Judgment *reversed* and cause remanded with directions for further proceedings.

*M. Merritt, for appellant.*

*M. Yeoman, for appellee.*