CASE 93—PETITION EQUITY—MARCH 2.

## Cox, &c., v. Gill.

APPEAL FROM BARREN CIRCUIT COURT.

MISTAKE IN OFFICER'S CERTIFICATE—ACKOWLEDGMENT OF MARRIED
WOMAN.—Where the deed of a married woman is acknowledged before one authorized to take the acknowledgment, and the officer's certificate is regular and proper on its face, an allegation of mistake upon the part of the officer will not authorize the admission of parol testimony to contradict the legal effect of the certificate by showing that the clerk took the acknowledgment out of the county, or that the husband was present when the deed was acknowledged by the wife, or that the clerk failed to read and

explain the contents of the deed to her. The mistake for which the officer's certificate may be called in question is not a mistake as to the form or manner of acknowledgment.

In this case the land conveyed is in Barren county. The certificate of .the clerk of the Barren County Court shows that the deed was properly acknowledged by both husband and wife. Under an allegation of mistake on the part of the officer, the grantors seek to show that the acknowledgment was taken in Metcalfe county, that the deed was not explained to the wife, and that she never consented that it might be recorded. *Held*—That the certificate is conclusive as to these facts, and can not be called, in question even under an allegation of mistake.

T. T. REYNOLDS FOR APPELLANTS.

The cause was prematurely submitted, as the time allowed by law to the defendants for filing their rejoinder had not expired. This was a clerical misprision, for which the judgment should be reversed. (Civil Code, sections 105, 364 and 517.)

BOLES & DUFF FOR APPELLEE.

1. The cause was submitted for trial and judgment without objection, and, therefore, appellants can not complain that the submission was premature.

2. As the plaintiff's demurrer to the answer as amended should have been sustained, the judgment must be affirmed, even though the submission was premature.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

Under the provisions of chapter 81, section 17, General Statutes, "no fact officially stated by an officer in respect of a matter about which he is required by law to make a statement in writing, either in the form of a certificate, return or otherwise, shall be called in question, except upon the allegation of fraud in the party benefited thereby, or mistake on the part of the officer, unless in a direct proceeding against the officer or his sureties." Prior to the passage of this statute, it had been held in Ford v. Teal, 7 Bush, 156, and other cases, that it was competent to prove by parol that a deed exe-

cuted by a *feme covert* was not read or explained
to her, or that her husband was present when she
acknowledged it, and in that manner avoid the deed
so far as it affected the married woman.

In order to make the title to real estate the more
secure the statute in question was passed, and no
such testimony was admitted, unless a mistake on
the part of the officer was shown or fraud on the
part of those interested. Before this statute was
passed or became operative, in Harpending's Ex'r v.
Wiley, 14 Bush, 380, where the question involved here
was directly presented, it was held that the state-
ments made by the officer could not be contradicted
by parol evidence, and when the certificate was valid
it passed all the title of the parties to the real
estate who executed and acknowledged the convey-
ance.

In this case, under the allegation of a mistake in
the answer on the part of the officer, it is main-
tained that the certificate was erroneous in every
particular, and if the defense is held good, the facil-
ity for attacking such acknowledgments is increased
instead of diminished by the statute.

It is of the greatest importance to purchasers,
that some protection should be afforded them in the
transmission of title to realty, and if the allegation
of a mistake as to the county and the mode of
privy examination of the *feme* by the clerk or his
deputy is permitted, then the validity of all such
conveyances will depend as much upon parol evi-
dence as the certificate of the officer authorized by
law to take the acknowledgment. The certificate, ac-

knowledgment, and the recording of the deed shows
to the purchaser or the remote vendee that the title
is complete, yet the parties conveying (husband and
wife) will be allowed to show a mistake of law or
a mistake of fact in regard to the examination of
the *feme*, and thereby divest the purchaser who
has parted with his money of all title.

It is not alleged that any fraud was practiced by
the parties. The land conveyed is in Barren county.
The acknowledgment of the deed is proper by both
husband and wife, and before the clerk of Barren
county, and this fact admitted by both the grantors.
They say, however, that they were in Metcalfe county
when the deed was acknowledged, and that the writ-
ing was not explained to the wife, and she never
consented that the deed might be recorded, and,
therefore, the indorsement was a mistake. We can
well see how a fraud might be perpetrated by the
clerk in certifying that he took an acknowledgment,
when, in fact, none was ever taken, or a mistake in
certifying that A had signed and acknowledged the
deed, when, in fact, it was B that signed it; but
when the parties admit the execution of the deed
and the acknowledgment before the clerk of the
county where the land lies, or before the clerk where
they reside, and the clerk's certificate is in accord-
ance with law, they will not be permitted to show,
under the allegation of a mistake, that the certificate
was not in the form of or as required by law, or
that the clerk was out of the county when he took
the acknowledgment.

When the certificate is regular and proper on

Cox, &c., v. Gill.

its face, and admitted to be signed, and the deed
acknowledged before one authorized to take the
acknowledgment, what the clerk states as to when
it was acknowledged, and the manner of acknowl-
edgment, can not be assailed on the idea that the
clerk has made a mistake, and parol proof allowed
to contradict the legal effect of the certificate by
showing that the clerk certifying took the acknowl-
edgment somewhere else, or that the husband was
present when the deed was acknowledged by the
wife, or that the clerk failed to read and explain
the contents of the deed to her. Here the parties
have conveyed land in Barren county. The husband
and wife both admit the signing of the deed. They
further admit the acknowledgment before the clerk
or deputy of the Barren County Court. The clerk's
certificate is in due form, and now it is urged that
the clerk failed to do what the legal effect of his
certificate imports, and, therefore, there was such a
mistake as will admit parol testimony to contradict
the certificate.

The mistake contemplated by the statute does not
apply to the form or manner of acknowledgment.
Was he the proper officer? Did the parties named
in the deed sign it, and did they acknowledge it
before the officer authorized to take the acknowl-
edgment? Is the certificate valid on its face? If so,
there is no ground for mistake.

If the door is thrown open to such assaults upon
conveyances under the idea of a mistake on the part
of the clerk, then no confidence is to be placed in
the verity of such records, and parol evidence will

vol. 83.—43

in all cases be admitted on the ground that some mistake has been committed by the clerk. It may be that the clerks of the country, in many instances, are derelict in their duty when taking the acknowledgments of *femes covert*, but it is better that a remedy shall be withheld as against the purchaser in such cases than to permit public records evidencing the transmission of title to real estate to be rendered invalid upon parol testimony.

Under the former ruling it almost universally appeared that the *feme* signing the deed fully intended to pass all her title, but was relieved from the effect of her acknowledgment by a mere omission of duty on the part of the clerk, and in such cases it can work no hardship to adjudge that when the *feme* signed the deed and acknowledges it before the proper clerk, and his certificate is in proper form, that no question of mistake can arise as to the manner of acknowledgment. Such, in our opinion, is a proper construction of the statute, and to rule otherwise would be to permit the validity of the clerk's certificate to be questioned in all cases by parol evidence on the allegation of a mistake on the part of the officer.

With this view of the case before us, neither the original answer of the appellants nor the amendments thereto constituted a defense to the action, and the judgment is therefore affirmed.