Dowell v. Mitchell.

CASE 6—EQUITY—MARCH 18, 1884.

# Dowell v. Mitchell.

82    47|
f125  323|

APPEAL FROM GREEN CIRCUIT COURT.

1. When a clerk in the State takes the acknowledgment of a married woman to a deed he is not required to certify that she was privily examined apart from her husband.

2. In an action by the grantee to enforce a mortgage she can not, under Gen. Stats., ch. 81, sec. 17, deny that a privy examination was made; unless she alleges fraud against the appellee, or mistake upon the part of the clerk.

A. DUVALL, FOR APPELLANT.

The proof clearly shows that appellant acknowledged the mortgage in the actual presence of her husband and in favor of him on account of his threats.

Dowell v. Mitchell.

No attempt has been made in this case to disprove any fact officially certi-
fied by the deputy clerk, and, therefore, the statute, sec. 17, ch. 81,
Gen. Stat., has no application. (Ford v. Teal, 7 Bush, 168; Wood-
head v. Foulds, 7 Bush, 224; Hughes v. Coleman, 10 Bush, 248.)
The principle settled by these cases was overruled by Pribble v. Hall,
13 Bush, 61; Harpending v. Wylie, 14 *Ib.*, 381, and other subse-
quent cases.

E. W. HINES, FOR APPELLEE.

An attempt is made in this case to impeach the certificate of the clerk by
extraneous evidence that the appellant was not examined separate and
apart from her husband.

The case of Pribble v. Hall, 13 Bush, 66, is conclusive of this question.
In that case it is held that, under sec. 17, ch. 81, Gen. Stats , such a
certificate can not be impeached by showing that the acknowledgment
was not properly taken.

Even before the General Statutes it was held by this court that, to repel the
presumption of fairness, the evidence must be strong and assuring.
(Hughes v. Coleman, 10 Bush, 248.)   But now, to escape the
statute, fraud or mistake must be averred. (Franklin v. Breckin-
ridge, 11 Bush, 596; Gen. Stats., ch. 24, sec. 38 )

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

Appellee brought this action against appellant on a
note secured by mortgage and signed by appellant and
her deceased husband.   The defense set up is:   First,
that she was compelled to sign the note and to execute
the mortgage by the duress of her deceased husband ;
second, that she did not acknowledge the mortgage sep-
arate and apart from her husband, and that neither the
contents nor the effects of the mortgage were explained
to her, or understood by her.   There is no charge of
fraud on the part of appellee nor of mistake by the
deputy clerk taking the acknowledgment, nor is there
any pretense that appellee knew any of these things.
Notwithstanding the failure to allege either of these
things, the court improperly admitted evidence tending
to show some threats made by the husband prior to the
acknowledgment of the mortgage, that he was present

Dowell v. Mitchell.

at the time of acknowledgment, and also tended to show doubt upon the question as to whether the mortgage was explained to her, but there is no doubt, from the evidence, that she understood the contents of the mortgage. In the absence of any allegation as to fraud or mistake, as indicated, the evidence is immaterial, since the mortgage was acknowledged subsequent to the adoption of the General Statutes. Section 17, chapter 81, of that Revision reads:

"Unless in a direct proceeding against himself or his sureties, no fact officially stated by an officer in respect of a matter about which he is by law required to make a statement, in writing, either in the form of a certificate, return, or otherwise, shall be called in question, except upon the allegation of fraud in the party benefited thereby, or mistake on the part of the officer."

Section 38 of chapter 24 provides that a memorandum of an acknowledgment, endorsed upon an instrument by a deputy clerk, may afterward be written out in full by the clerk, including in his certificate the memorandum by the deputy. That, in this instance, was done, and the following is the full certificate of the clerk

"STATE OF KENTUCKY, } Sct.
 "GREEN COUNTY. }

"I, J. S. Dunham, Clerk of the County Court for the County and State aforesaid, certify that the foregoing mortgage from T. W. Dowell and his wife, Sarah Dowell, to James Mitchell was, on the 7th day of August, 1876, in Green county, before W. T. Smith, a deputy clerk of the Green County Court, acknowledged in due form of law to be their act and deed, as appears from

the endorsement thereon, as follows: 'Acknowledged
in full by Sarah W. Dowell and her husband, Thos. W.
Dowell, August 7, 1876, by W. T. Smith, D. C., for J.
S. Dunham, C. G. C. C.,' and the same, together with
this certificate, is truly recorded in my office, this 20th
day of January, 1877.        J. S. Dunham, *Clerk.*

"By H. Dunham, *D. C.*"

It will be observed that the certificate does not state
that appellant was examined separate and apart from
her husband, nor that the contents and effect of the
mortgage were explained to her. It is apparently on
account of the absence of these statements from the
certificate that counsel for appellant insists that the evi-
dence relied upon, for appellee does not call in "ques-
tion" the certificate of the clerk. A quotation of sub-
section 1 of section 2, chapter 24, of General Statutes is
a sufficient answer to this:

"Where the acknowledgment shall be taken by an
officer of this State, he shall simply certify that it was
acknowledged before him, and when it was done, which
shall be evidence that she had been examined separate
and apart from her husband, and the contents ex-
plained to her, and that she had voluntarily acknowl-
edged the instrument, and consented that it should be
recorded."

The provisions of this section must be considered as
a part of the certificate, and the certificate must be
read and given the same effect as if these provisions
were therein written out in full. That being done, it
is clear that the admission of any evidence tending to
show that the *feme covert* was not "examined separate
and apart from her husband," that "the contents"

were not "explained to her, that she had" not "voluntarily acknowledged the instrument," or that she did not consent "that it should be recorded," would be calling "in question" the certificate of the officer.

It appears to be upon the same idea that counsel for appellant insists that Pribble v. Hall, 13 Bush, 65, is not applicable to the case being considered. We think that case conclusive of this.

Judgment affirmed.