Case 77—PETITION EQUITY—February 4.

## Tichenor v. Yankey.

APPEAL FROM DAVEISS CIRCUIT COURT.

1. **Deed of Married Woman—Mistake.**—Where a mortgage executed by a married woman has, by mistake, described a tract of land not owned by the mortgageor instead of the land intended to be mortgaged, the mistake may be corrected and the mortgage enforced as to the land intended to be embraced.

2. CONTRADICTION OF CLERK'S CERTIFICATE.—The clerk's certificate to the deed or mortgage of a married woman can not, even under an allegation of mistake, be contradicted by showing that the instrument was not voluntarily acknowledged by the wife, or that the husband was present.

JEP. C. JONSON FOR APPELLANT.

Where there is a clear case of a mistake in the boundary of the land intended to be mortgaged, the mistake can be rectified and the intention of the parties carried into effect.   (Pribble v. Hall, 13 Bush, 61; Gen. Stats., chap. 71, art. 4, sec. 5; *Id.*, chap. 81, sec. 17.)

W. T. ELLIS OF COUNSEL ON SAME SIDE.

JOE HAYCRAFT FOR APPELLEE.

1. The court can not make a contract for the parties.   The act, and not the *intent*, must govern.
2. The officer taking the acknowledgment of a married woman must explain to her the contents and effect of the deed, and this must be done separately and apart from her husband.   (Gen. Stats., chap. 24, sec. 21, p. 258.)
    It appears in this case that that statute was not complied with.

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

March 17, 1884, H. C. Yankey and his wife, who is the appellee, Sallie E. Yankey, executed a mortgage upon real estate to the appellant, T. C. Tichenor. The husband died in January, 1886, and more than a year having elapsed without administration upon his estate, this action was brought on August 6, 1887, against his widow and children to enforce the mortgage.   No guardian *ad litem* was appointed for the children, all of whom are infants.   This is immaterial, however, as the only relief asked was an enforcement of the mortgage lien, and the land belonged, not to the husband, but to the wife.   She defends, first, upon the ground that the description in the mortgage does not embrace her land ; second, that it was not voluntarily executed, and was not acknowledged by her

upon privy examination before the clerk and in the absence of her husband, as the statute requires in case of a conveyance by a *feme covert.*

The deed to Mrs. Yankey conveys a certain boundary of land, describing it, and then excepts from the conveyance a portion of it, which is also described. The draftsman of the mortgage, in giving the boundary of the land, by mistake copied that of the exclusion in the deed to Mrs. Yankey, so that the land, in fact, described in the mortgage belonged to a stranger at the time of its execution. The appellant, by an amended petition, set up this evident mistake, and asked that the mortgage be corrected in this respect and enforced against the land, which, in fact, belonged to Mrs. Yankey.

It is evident all parties understood, when the mortgage was executed, that she was mortgaging her land. The record tends to show that she then owned no real estate, save the land which had been conveyed to her by the deed containing this exclusion. It is true she testifies that she owns another small tract, but she does not say she was such owner when the mortgage was given. But whether this be so or not, the description in the mortgage is that of the excluded land in the conveyance to her of the land which, it is claimed, it was intended to mortgage, and this fact is quite persuasive of the claim. Moreover, the draftsman of the mortgage testifies that it was intended to cover the land against which it is now sought to enforce it, and that by mistake the boundary of the land excluded from the conveyance to Mrs. Yankey was inserted. She certainly did not intend to mortgage land

that did not belong to her, and, by non-denial in her testimony, virtually admits that it was intended to mortgage the land conveyed to her by the deed containing the exclusion, and that all the parties to the mortgage so understood it at the time. The mistake being clearly made out by evidence entirely satisfactory, it was proper to correct it, and then enforce the mortgage, if to do so be not improper for some other reason. It is not making a new contract for the parties, but merely carrying out the one, in fact, made. To do so but executes their intention, and corrects a mere error upon the part of the draftsman.

There is some evidence tending to show that the husband of Mrs. Yankey threatened to leave her, and was guilty of improper conduct by way of inducing her to execute the mortgage; but the appellant had no notice of it, and was not a party to it in any manner. He was not present when the mortgage was executed, and it is not claimed there was any fraud or improper conduct of any character upon his part. If she did not voluntarily execute it, she should have said so when she acknowledged it. Our statute provides that the officer taking the acknowledgment of a married woman to a deed shall, previous thereto, explain to her, separate and apart from her husband, its contents and effect. If he be an officer of this State, he need only certify that it was acknowledged before him, and when it was done, which shall be evidence of the privy examination; that its contents were explained to her; that she voluntarily acknowledged it, and consented to its being recorded. (General Statutes, chapter 24, section 21.)

In this instance the certificate of the officer is in due form. He testifies that he took the wife's acknowledgment in the absence of her husband. She, upon the other hand, says he did not, and she is, to some extent, supported by another witness. Prior to the adoption of our present General Statutes, and under section 31, chapter 24, of the Revised Statutes, the certificate of acknowledgment by a *feme covert* to a deed was merely *prima facie* evidence of its free execution. The officer was then only required to certify the date and fact of acknowledgment. Parol evidence was then admissible to rebut the legal inference arising from the certificate that it had been taken in conformity to the statute, but not to contradict any fact stated in the certificate. (Ford v. Teal, 7 Bush, 156; Harpending's Ex'rs v. Wylie, &c., 14 Bush, 380.)

Section 17 of chapter 81 of the General Statutes, however, provides: "Unless in a direct proceeding against himself or his sureties, no fact officially stated by an officer in respect of a matter about which he is, by law, required to make a statement in writing, either in the form of a certificate, return or otherwise, shall be called in question, except upon the allegation of fraud in the party benefited thereby, or mistake on the part of the officer."

Here the officer has said by his certificate, aided as it is by the construction which the statute gives to it, that he, in the absence of the husband, explained the deed to the wife; that she voluntarily acknowledged it, and consented to its being recorded. If the statutory provision last cited, owing to its providing that the facts certified by the officer may be called in ques-

tion by reason of a mistake upon his part, authorizes a married woman, after acknowledging a deed, to claim that he did not explain it to her, or that it was not done in the absence of her husband, then the statute, considered in reference to the acknowledgment of a deed, amounts to but little. Such a construction would deprive the act of the officer of that final character which it is evident the statute intended to give to it. It is not a question of mistake on the part of the officer, but whether he did his duty, and as to it the certificate, by virtue of the statute, imports absolute verity. Undoubtedly, the officer may sometimes fail to fully discharge his duty, but the desired stability of title to real estate, and the protection of purchasers and the public, demanded the adoption of the statute.

Individual hardships will occasionally result from the enforcement of any law, however salutary, and it would be exceedingly hazardous, as well as productive of much litigation, to permit the validity of such conveyances to depend upon parol evidence as to their due execution. If the certificate may be thus questioned as to whether the officer has done his duty, then the future vendee, however remote, has no protection. This court construed this statute in the case of Cox, &c., v. Gill, 83 Ky., 669, and it was there held that the Legislature, in providing that the certificate of an officer might be called in question for a mistake on his part, did not apply to the form or manner of acknowledgment of a deed of a married woman. If made before a proper officer, then his certificate as to when and how it was acknowledged can not be assailed by parol testimony contradicting it, and showing that

it was elsewhere acknowledged, or that the husband was present, or that the clerk failed to explain it to the wife. By virtue of the statute, it can not be shown that the officer failed to do what his certificate imports. The law intended to give to it, to the extent indicated, absolute verity; otherwise, no confidence can be placed in the record of conveyances.

It is said that Mrs. Yankey might not have acknowledged the mortgage, had it properly described the land. We will not assume that she intended a fraud. As already said, all the parties, herself included, understood that she was mortgaging her land, and there is, therefore, no force in the suggestion. The mortgagee was an innocent creditor; he has been guilty of no fraud; and while sympathy for the widow and the fatherless prompts the wish that this mortgage had never been executed, yet, judged by the law, it is a valid instrument, and must be enforced against the land of Mrs. Yankey.

The judgment is, therefore, reversed, and cause remanded for a decree in accordance with this opinion.