CASE 75—PETITION EQUITY—APRIL 5.

# Aultman-Taylor Company v. Frasure, &c.

### APPEAL FROM FLOYD CIRCUIT COURT.

1. WHERE A MARRIED WOMAN DID NOT VOLUNTARILY ACKNOWLEDGE A MORTGAGE executed by her on her land, and was not examined separately and apart from her husband, in an action to enforce the mortgage, she had the right, upon an allegation that the clerk had made a mistake in his certificate, to show the truth by parol evidence, the mortgagee having knowledge of the facts, having been present by agent at the time of the acknowledgment.

2. THE WIFE'S EXECUTION OF THE MORTGAGE HAVING BEEN PROCURED BY FRAUD OF THE HUSBAND, in which the agent of the mortgagee participated, and also by coercion, the mortgage is void as to her whether the acknowledgment was regular or not.

F. A. HOPKINS FOR APPELLANTS.

1. The bare preponderance of evidence is not sufficient to overturn the presumption that the officer did his duty, especially when the officer himself testifies that he took the acknowledgment of the wife separate and apart from her husband, and that she did freely and voluntarily acknowledge it. (Hughes & Co. v. Coleman, &c., 10 Bush, 248.)

2. Mrs. Frasure having induced appellant Butcher to buy the land without intimating that she claimed it is estopped to deny his title. (Ratcliffe v. Bellfonte Iron Works, 10 Ky. Law Rep., 646; Springle v. Morris, 3 Litt., 55; Harrison, &c., v. Edwards, Idem, 350; Garault v. Anderson, 2 Bibb, 543; Barclay v. Hendricks, &c., 3 Dana, 645; Sale v. Crutchfield, 8 Bush, 645.)

JAMES GOBLE FOR APPELLEE CYNTHIA FRASURE.

1. The court will not reverse on facts unless the finding is palpably against the evidence. (Commonwealth v. Williams, 14 Bush, 297; Williams v. Rogers, Idem, 776; Helm v. Coffey, 80 Ky., 176.)

2. If the husband was present when the mortgage was acknowledged by the wife, as a preponderance of the evidence shows, the mortgage is void as to her. (Mooreman v. Board, 11 Bush, 140; Gen. Stats., chap. 24, sec. 21.)

3. As the pleadings make the proper charges of fraud, the whole truth may be proved. (Gen. Stats., chap. 81, sec. 17.)

4. The certificate on this mortgage does not conform to the law, and it is only in cases where the certificate is regular and in due form that it

has any conclusive effect upon the parties. (Pribble v. Hall, 13 Bush, 61.)

5. It must appear from an inspection of the mortgage that Mrs. Frasure intended to encumber her right or title to the land. Here she merely "waives the homestead exemptions" and "relinquishes dower." This is not sufficient. (Hedger v. Ward, 15 B. M., 116; Still v. Swan, Litt. Sel. Cases, 156; Tevis v. Richardson, 7 Mon., 661; Hatcher v. Andrews, 5 Bush, 564.)

T. Y. FITZPATRICK FOR APPELLEES.

1. The mortgage is void as to Mrs. Frasure because the certificate is made by the deputy clerk in his own name without using the name of the principal. (3 Kent's Comm., 11th ed., p. 458; Talbott v. Hooser, 12 Bush, 414; McCormick v. Woods, 14 Bush, 78; Dry v. Cook, &c., 14 Bush, 459; Harpending's Ex'ors v. Wylie, 14 Bush, 386.)

2. It is only where the clerk's certificate is in proper and legal form that it is conclusive as to the facts stated in it. (Cox v. Gill, 83 Ky., 669.)

3. To constitute a valid acknowledgment by a feme covert under our statute it is indispensable that she should be privily examined, and upon such examination declare she freely and willingly executed the deed. (Blackburn's Heirs v. Pennington, 8 B. M., 217; Gill, &c., v. Fauntleroy's Heirs, 8 B. M., 178; Mooreman v. Board, 11 Bush, 140; Harpending's Ex'ors v. Wylie, &c., 14 Bush, 386; Gen. Stats., chap. 24, sec. 38.)

4. We must look to the certificate of acknowledgment to see what interest the feme conveys if the certificate expresses what interest she conveys. (Sutton v. Pollard, 13 Ky. Law Rep., 85; Breeding, &c., v. Tobin, 13 Ky. Law Rep., 842.)

But if the certificate is silent, as it is here, we must look to the body of the instrument, and when we look we must find, in order to convey her right of inheritance, that she has expressly undertaken to do so, using apt words of grant. Here she merely joins in the mortgage and nothing more.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The Aultman-Taylor Company brought this action against William T. and Cynthia Frasure to recover on notes given to it by him for purchase price of a steam saw-mill, and also to subject a tract of land on which they, March 1, 1884, executed a mortgage to secure the debt. Judgment was rendered against him on the notes,

and by sale of the mill one of them was paid.   But she, her husband refusing to join, filed a separate answer, alleging the mortgage was void because she signed and acknowledged it in presence of her husband and under coercion against her will.   She further states that the land was not, as recited in the mortgage, his property, but belonged to her, and plaintiff, her husband, and one Butcher had combined to defraud her out of it.

It appears that she acquired by gift of her mother, and had allotted to her a certain tract of land which was subsequently sold for about $1,250, and in 1877 she purchased of William Crisp the land in controversy at the price of $2,000, of which she, with proceeds of the other tract and of personal property likewise derived from her mother, paid the sum of $1,600; but not being able to pay the residue, a part of the land, amounting in value to $400, was taken back by Crisp, and consequently no demand for balance of the $2,000 could legally, or was ever after, made by Crisp or his heirs or representatives. But she, with her husband, has, ever since the purchase, continued in actual possession of the land so paid for.

After death of Crisp, his vendor, Davidson, brought an action for about $589 unpaid purchase-money, and under judgment his lien was enforced and the entire tract sold July 9, 1883, for that sum, William T. Frasure becoming the purchaser.   But he immediately instituted an action in his own name against him and representatives of Crisp and obtained a judgment for sale of real property belonging to his estate to repay what had been bid by him at sale of the land in controversy to satisfy debt of Davidson, and was thereby reimbursed except to the extent of about $104.25.

July 29, 1885, which was subsequent to sale of Crisp land, William T. Frasure transferred his bid, and authorized commissioner's deed made to James Butcher for the entire tract, which was done. The consideration for that transfer, as recited in the contract between them, was payment already made by Butcher to Davidson of said $104.25 and to The Aultman-Taylor Company $356.75 of the mill notes and agreement to pay balance thereof, the entire consideration being $2,000.

Cynthia Frasure states in her answer, and we think truly, that the purchase by her husband, under judgment in the action of Davidson v. Crisp's heirs and representatives, to which she was not a party, subsequent institution of the action in his name and for his benefit against same defendants, and transfer, likewise for his own benefit, to Butcher, were all done without her knowledge or consent.

No written evidence of her purchase of the land exists except an unsigned bond prepared by Crisp in February, 1877, and placed in hands of an attorney-at-law, where it remained until this action was commenced. Although not actually signed, the paper seems to show her right to the land was then understood and recognized by both Crisp and her husband, for it contains a covenant to convey it to her. But independent of that evidence it is made clear she purchased and paid for that part of the tract now claimed by her, with the agreement by her husband it was to be her property, and has been in adverse possession long enough to make her title good against Crisp's heirs. And we think it should also prevail against the deed made by commissioner of court to Butcher, if the mortgage be as to her void upon either

ground alleged in her answer; for, although he denies any knowledge of her title at time of his purchase from her husband, we are satisfied, from all circumstances of this case, he had sufficient notice to put him on inquiry.

As the mortgage was executed before Butcher purchased from William T. Frasure, he, of course, did not aid in procuring execution of it. But the evidence shows satisfactorily that her husband attempted to cheat her out of the land, and procurement of the mortgage and his sale to Butcher were parts of his plan to do so.

That she executed the mortgage under coercion of her husband, aided by two of her sons, and against her will, is made plain by the testimony. And we think it equally plain the agent of the Aultman-Taylor Company, who was present at the time, knew she did not freely sign and acknowledge it, and also knew she claimed the land as her own. For he was not only informed by Frasure, before arriving at her residence, she had not consented to execute it, but went there for the avowed purpose of seeing if she could not be induced to do so, as upon that depended sale and delivery of the mill, price of which had already been agreed on by him and Frasure. After his arrival she said, in his presence and that of her husband, the deputy clerk need not be sent for as she would not sign the mortgage; the land was hers, and she did not intend to give it away. Nevertheless the deputy clerk was sent for, and not only did her husband threaten to leave and never again " strike a lick upon the farm " unless she signed and acknowledged the mortgage, but two of their sons made a similar threat. It further appears the agent of the company told her it was to her interest to sign it, and there is evidence the deputy clerk

even persuaded her to do so.   Being thus constrained
and environed, finally, in language of a witness present,.
"she said she reckoned she would have to sign it, but it
was awfully against her will."   And the same witness
and others testified " she was crying when she signed it,
and kept on crying."

The mortgage which had been previously written, and
is unusually long, verbose and tedious in detail, purports
to convey, not her fee-simple title, although the agent
was present and knew she claimed the land as her prop-
erty, but merely her right of dower and homestead
exemption, the evident intention being to thus ignore
her right to the land and estop her setting up claim to
it.   The evidence also shows that her husband, though
getting from his seat, did not leave the room, but was,
present when the deputy clerk took her acknowledgment,
if he did do so legally.

The evidence thus conclusively showing that essential
conditions of validity of the mortgage, as it affects Mrs.
Frasure, were violated, the question arises to what extent,.
if at all, it can be used to contradict the clerk's certificate.

Section 17, chapter 81, General Statutes, provides: "Un-
less in a direct proceeding against himself or his sureties,
no fact officially stated by an officer in respect of a mat-
ter about which he is by law required to make a statement
in writing, either in the form of a certificate, return or
otherwise, shall be called in question except upon the
allegation of fraud on the part of the party benefited
thereby, or mistake on the part of the officer."   And in
Pribble v. Hall, 13 Bush, 61, it was held that " the fraud
which will, under the statute, let in an inquiry into the
truth of the officer's certificate, must relate to the obtain-

ing of the certificate itself, not to the making of the instrument acknowledged." But whether there was fraud in that sense on the part of the party benefited in this case we need not inquire, because there was no allegation of the fact. It is, however, alleged the clerk committed a mistake in his certificate. And the evidence satisfactorily shows it not to be true, as he certifies, either that Mrs. Frasure was examined separately and apart from her husband or that she voluntarily acknowledged the mortgage.

There may be reason for the rule, as settled by this court, that "when a certificate is regular on its face and has been recorded, it should not be open to assault by parol evidence" so as to affect innocent purchasers (Harpending's Ex'ors v. Wylie, &c., 14 Bush, 380). But where, as in this case, the mortgagee, by its agent, was present when the acknowledgment was taken and knew the clerk made a mistake about essential facts he was required to certify, we do not see why the truth may not be shown by parol evidence. For, if a certificate can not be called in question by reason of mistake on part of the clerk, committed in presence of a vendee or mortgagee, there is no state of case in which it can be done, and the exceptions contained do not apply or operate at all.

But whether the certificate of acknowledgment in question be valid and regular or not, the mortgage having, as the evidence shows, been obtained by fraud of the husband, in which the agent of the company participated, also by coercion, is void as to Mrs. Frasure; for, as said in Pribble v. Hall, if there was fraud in obtaining the deed, no sort of acknowledgment could purge it away,

and it would be equally invalid if execution of it was procured by coercion.

By the judgment appealed from, appellant, James Butcher, though the mortgage was set aside, was given a lien on the land for $104.23, amount paid in satisfaction of the Davidson debt. This, we think, was proper, inasmuch as the land was bound for that debt. But the lower court left open the question of enforcing a lien on the land for $356.75, paid by Butcher to The Aultman-Taylor Company on the mill debt, and it is consequently not before this court for decision.

Judgment affirmed.