CASE 36.—ACTIONS BY MARY E. DAVIS AND ANOTHER AGAINST MATTIE E. DUKES AND ANOTHER AND AGAINST J. M. FRALEY AND ANOTHER, CONSOLIDATED, INVOLVING OWNERSHIP OF CERTAIN LAND.—April 16.

## Dukes and Others v. Davis and Others
## Fraley and Others v. Same

Appeal from McLean Circuit Court.

T. F. BIRKHEAD, Circuit Judge.

From judgments for plaintiffs, defendants appeal. Reversed.

1.  Deeds—Execution—Weight of Evidence.—Evidence held to show that plaintiff signed and acknowledged a deed involved in an action for the recovery of land.
2.  Limitation of Actions—Disability—Married Women.—The Weisscnger act (Act 1894, p. 176, c. 76), allowing married women to take and hold property, sue, and be sued as if sole, etc., did not remove the disability of coverture so as to permit the statute of limitation to run against a married woman's right of action in relation to land.
3.  Same—Effect of Statute.—Under Ky. Stats. 1903, section 2505, an action for the recovery of land can be brought within 15 years after the accrual of the cause of action, and under section 2506, if when the action first accrues, the

person entitled to bring it is under disability, he may, though 15 years has expired, bring it within three years after the disability is removed. Held, where plaintiff's cause of action accrued in July, 1887, and she was married in infancy, her husband dying in 1897, she having reached her majority then, action brought in August, 1904, was barred under section 2505; it being the purpose of section 2506 not to extend the limitation three years, except where the disability is not removed more than three years before the expiration of the fifteen years.

4. Witnesses—Privileged Communications—Attorney and Client —Handwriting of Client.—In an action involving an issue whether plaintiff signed a deed, testimony of a lawyer that from his acquaintance with her handwriting he was of the opinion she signed it was not inadmissible because the handwriting occured in privileged communications between them, since he did not testify as to the matter contained in the letters.

5. Same—Right to Contradict Own Witness.—Under the express provisions of Code Civ. Prac., sec. 596, where a witness states a fact prejudicial to the party calling him, the latter may contradict him by showing that he has made statements to others inconsistent with his testimony.

JONSON, WICKLIFFE & JONSON for Appellants.

W. B. NOE of Counsel.

POINTS ARGUED AND AUTHORITIES CITED.

1. The certificate of acknowledgment imports verity; and can only be attacked upon an allegation of mistake in the officer, or fraud in the party to be benefited by it. (Ky. Statute, section 3750).

2. Bates caused his deed to be recorded, entered into possession of the land, improved it, and afterwards disposed of it by willing it to appellants; these acts show an acceptance. (Shoptow v. Ridgeway's Admr., 22 Ky. Law Rep., 1495; 60 S. W., 723; Williams v. Smith, 22 Ky. Law Rep., 1439; 60 S. W., 840).

3. The deed from J. M. Cleek, to appellee was recorded, and the presumption is that she accepted it. (Soptow v. Ridgeways Admr. and Williams v. Smith, supra.)

She afterwards conveyed the land, and is now estopped to deny the father's title to it. Hugly v. Grigg, 5 J. J. M., 521; Woolfork v. Ashby, 2 Met., 288).

4.  The disability of coverture of appellee was removed by the Act of the Legislature of Kentucky of the 15th of March, 1894, Sec. 2127 Ky. Statute, and failing to bring her action for more than ten years thereafter she is barred by the ten years statute.    (Ky. Statutes, section 2522; Hoffert v. Miller, 86 Ky., 572 and authorities cited.

5.  Appellee becomes discovert in 1897, and failing to institute suit within three years her action is barred.    (Ky. Statute, section 2510).

6.  By the terms of the will of Mrs. Mary A. Mitchell, the wife of J. M. Cleek was vested with a fee in one half of the 200 acres conveyed to Bates, as well as in the one acre conveyed by J. M. Cleek to appellee.    (Cornwall's Admr. v. Falls City Bank, et al., 92 Ky., 318; 18 S. W., 452).

7.  J. M. Cleek undertook to convey to Bates an absolute title in fee to the 200 acres, as well as a fee in the one acre conveyed to Appellee, so if he had only a life estate in a moiety of the land so conveyed, appellee might at once have instituted her suit to vacate the conveyances, notwithstanding the father had a right to the possession of one-half of the land during his life, and failing to institute suit until after fifteen years her action is barred. (Stillwell v. Leavy, 84 Ky., 379; Tucker v. Prive, 29 S. W., 857).

8.  A suit to correct a deed for fraud or mistake, must be brought within ten years after the making of the deed, or the action is barred.  (Ky. Statute, 2519).

LITTLE & SLACK and W. A. TAYLOR for Appellee.

(Brief not in record).

OPINION OF THE COURT BY JUDGE LASSING—Reversing.

Mary E. Davis and her husband filed their suit in the McLean circuit court, seeking to recover of Mattie E. Dukes and her husband 100 acres of land.  She alleged that she was the owner and entitled to the immediate possesion thereof, and that it was wrongfully withheld from her by the defendants, and had been so wrongfully withheld from her without right

for more than five years last past before the filing of
their suit. The defendants answered, denying that
plaintiff Mary E. Davis was the owner of or entitled
to the possession of the land described in the petition,
or any part of it, and denying that it was wrongfully
withheld from her. Defendants further allege that
the female defendant, Mattie E. Dukes, was the owner
of the land by inheritance from her father, Isaac C.
Bates, and that he had acquired title thereto by pur-
chase from J. M. Cleek, father of plaintiff Mary E.
Davis, who sold it as executor of the will of his wife,
Sallie W. Cleek, on July 5, 1887, to Isaac C. Bates,
and that for the purpose of perfecting the title to said
property in Isaac C. Bates the plaintiff Mary E.
Davis and her stepmother, Mary A. Cleek, united with
J. M. Cleek in the execution of said deed. The affirm-
ative matter in the answer was traversed in the reply,
and the plaintiff further denied the execution of the
deed, and alleged that the deputy court clerk who
took the acknowledgment thereto had been induced
by the fraud and deceit of her father, J. M. Cleek, and
the purchaser, Isaac C. Bates, to certify that it had
been so executed and acknowledged by her. She
pleaded, further, that at the time the deed purported
to have been executed she was an infant about 17
years of age, and that before she became of age she
had married one Knight, who died in 1897, and that
she did not know or discover that she had any interest
in or right to the land in controversy until something
less than a year before the filing of this suit. In an
amended reply she withdrew so much of the former
reply as charged the clerk with the participation in
any fraud in the execution of the deed or in the execu-
tion of the certificate thereon, and she denied that the
clerk had certified that the deed had been acknowl-

edged by her at all, alleging that her name was at that time Mary Elizabeth Cleek, and that she always signed her name ''Mary E.,'' and not ''Mary'' Cleek. She further alleged that at the time of the execution of this deed she was in Calhoun, Ky., and not in Bowling Green, Ky., where the deed purports to have been acknowledged. The defendants traversed all of the affirmative matter set up in the reply, and pleaded, further, that, although the plaintiff Mary E. Davis may have been an infant at the time of the execution of the deed in question, yet, by the death of her husband, in 1897, all disability was removed, and that by her failure to bring her suit within three years after the removal of the disability she had lost her right so to do, and they pleaded and relied upon the statute of limitations. The affirmative matter in the rejoinder was traversed in the surrejoinder. Issue was joined by the parties upon several other points which we have not deemed material in determining the main question in issue, and which are therefore unnoticed in this opinion.

Plaintiffs likewise filed a suit against J. M. Fraley and C. C. Coakley, seeking to recover about 100 acres of land which they alleged the defendants were wrongfully and without right withholding from her and had been for more than five years, and that the plaintiff Mary E. Davis was the owner and entitled to the immediate possession thereof. The 100 acres of land described in this suit was one-half of 200 acres of land which was conveyed by J. M. Cleek and wife, Mary A. Cleek, and daughter, Mary E. Cleek, now Mary E. Davis, by deed dated July 5, 1887, and which was divided, upon the death of Isaac C. Bates, between his two children, Sallie R. Peeple and Mattie E. Dukes, and Sallie R. Peeple conveyed her interest in said

land to these defendants. The pleadings are identical in each of these suits, and by agreement of parties the cases were consolidated and tried together; the same questions being involved in each.

The first point to be determined is: Did Mary E. Davis sign and acknowledge the deed in question? If she did not, then it is necessary to consider the other questions at issue in this case. If she did sign and execute it at a time when she was under 21 years of age, has she delayed the bringing of her suit to recover same or to avoid the signing and executing of same during her minority for such a length of time as that she is now estopped from setting up any claim to the land, or seeking to avoid the force and effect of her act in signing and acknowledging the deed when an infant? The deed in question is as follows:

"This deed of conveyance made and entered into this 5th day of July, 1887, by and from James M. Cleek, his wife, Mary A. Cleek, and daughter, Mary E. Cleek, of the county of Jefferson in the State of Texas, parties of the first part hereto, unto and with Isaac C. Bates, of McLean county, in the State of Kentucky, witnesseth: That for and in consideration of the sum of seven hundred and fifty dollars, four hundred cash in hand, one hundred and seventy-five due in twelve months from date with interest from date, and one hundred and seventy-five dollars due in two years from date with interest from date, for which two last named sums notes of this date are executed by I. C. Bates to J. M. Cleek, the receipt of which is hereby acknowledged by the parties of the first part, said parties have this day granted, bargained and sold, aliened and conveyed, and do hereby grant, bargain and sell, alien and convey unto the party of the second part and to his heirs and

assigns forever a certain tract or parcel of land lying and being in the county of McLean, in the State of Kentucky, on the waters of Cypress creek, and bounded as follows, viz.: 'Beginning on a large hickory and black oak, and running thence S. 40 degrees E. 244 poles to a hickory marked T. H. on the bank of pond drain; thence N. 55 degrees E. 170 poles to a hickory, and white oak; thence N. 38 degrees W. 169½ poles to a stake, with four hickories pointers; thence S. 55 degrees W. 124 poles to a swamp oak in the pond drain; thence down the drain with its meanders to an ash on the drain and then S. 26 degrees W. 10 poles to the beginning, containing two hundred acres more or less.' To have and to hold said lands to the party of the second part, his heirs and assigns, forever, with covenants of general warranty. The above land being the same willed by Mrs. M. A. Mitchell to her daughter Woodie Cleek, wife of J. M. Cleek, and mother of Mary Cleek. In testimony whereof the parties of the first part have hereunto set their hands the day first herein written. J. M. Cleek, ext. M. A. Cleek. Mary Cleek.

"The State of Texas, County of Jefferson. Before me, J. A. Lanier, a notary public, in and for Jefferson county, Texas, on this day personally appeared J. M. Cleek, known to me to be the person whose name is subscribed to the foregoing instrument of writing, and the contents of said instrument being fully expained to said J. M. Cleek, after he had produced the same, he the said J. M. Cleek, thereupon declared that he did fully and voluntarily, execute and deliver the same to be his act and deed, for the purposes and consideration therein expressed, and consented that the same might be recorded, to all of which I certify. Given under my hand and seal of office at Beaumont,

Texas., this 5th day of July, 1887.   J. F. Lanier, Notary public Jefferson County, Texas. (Seal.)

"State of Kentucky, Warren County—sct.: I, S. M. Matlock, clerk of the Warren county court, do certify that the foregoing deed from J. M. Cleek, etc.. to I. C. Bates was produced to me in said county and acknowledged by Mary A. Cleek and Mary Cleek to be their act and deed, whereupon I have duly certified the same to the proper office for record. Given under my hand this 8th day of July, 1887. S. M. Matlock, C. W. C. C., by Robert Rodes, Jr., D. C.

"State of Kentucky, County of McLean—sct.: I, J. A. Rudy, clerk of the McLean county court, certify that the foregoing deed was this day lodged in my office for record, that the same and the several certificates thereon and this certificate are duly recorded in my office.  Given under my hand this July 12th, 1887. J. A. Rudy, clerk, per A. I. Moore, D. C."

It will be observed that the deed recites that it is made and entered into by and between James M. Cleek and wife, Mary A. Cleek, and daughter, Mary F. Cleek, of the county of Jefferson, in the State of Texas, parties of the first part, and Isaac C. Bates, of McLean county, Ky., party of the second part; that it is signed by "J. M. Cleek, Ext.," M. A. Cleek and Mary Cleek; that the acknowledgement to this deed by J. M. Cleek was taken before a notary public in Jefferson county, Texas, on the 5th day of July, 1837, and by M. A. Cleek and Mary Cleek before Robert Rodes, Jr., deputy county court clerk of Warren county, Ky., on July 8, 1887, and lodged for record in the McLean county court clerk's office on July 12, 1887.

There is an utter failure of proof in support of the allegation that there was any fraud practiced by

either J. M. Cleek or Isaac C. Bates in the execution
of this deed.  It was acknowledged by J. M. Cleek in
Texas, and the proof shows that he had been there for
some time; that his wife, Mary A. Cleek, and daugh-
ter, Mary E. Cleek, left Texas shortly before that
time and came to Kentucky; that they were in Ken-
tucky, and in Bowling Green, Ky., about the date upon
which this deed purports to have been acknowledged.
Mary E. Davis insists that she never appeared before
the deputy court clerk and acknowledged the deed;
that upon the date, to-wit, July 8, 1887, she was in
Calhoun, Ky., visiting friends, and she introduced
several witnesses who testified that they remembered
that she made a visit to Calhoun, and was there on the
Fourth of July.  Some of them were unable to fix the
year with certainty; others were.  Judge J. C. Jonson
testifies that he had had sufficient correspondence with
Mary E. Davis to render him familiar with her hand-
writing; that from his knowledge of her handwriting
he was of the opinion that the signature "Mary
Cleek" to the deed was that of the plaintiff.  The
deputy court clerk, who took the acknowledgement,
testified that he had no personal memory of the trans-
action, but that he was well acquainted with Mary A.
Cleek, and that he had known her for some years
before the date upon which this acknowledgement was
taken.  The plaintiff Mary E. Davis testifies positively
that she did not sign the deed, although she remem-
bers having signed some paper after coming to Ken-
tucky for the purpose of securing a sum of money,
though she is not sure just what this paper was, ex-
cepting that it was in the nature of a receipt in order
that she might receive $70.  As to just what this $70
was for, or upon what account it was paid, the record
is not clear.  This is the substance of the testimony

offered upon the question as to whether or not Mary
E. Davis did in fact sign and acknowledge the deed.

She insists that she did not for two reasons: First.
She remembers that she was in Calhoun, Ky., at the
time when it purports to have been acknowledged.
Second. That she always signed her name "Mary
E.," and not "Mary Cleek." She introduced several
friends who testifying from memory stated that she
was in Calhoun, Ky., on the 4th of July, 1887, and for
some weeks thereafter. Against this testimony is the
officer's certificate. The deed recites that it is a deed
from James M. Cleek, and wife, Mary A. Cleek, and
daughter, Mary E. Cleek, to Bates. It is signed by
"J. M. Cleek, Ext.," M. A. Cleek, and Mary Cleek,
and the officer's certificate says that it was acknowl-
edged by Mary A. Cleek and Mary Cleek. It will be
observed that none of the parties to this deed signed
their names exactly as they are set out in the body of
the deed, but in the body of the deed we find the recita-
tion that it is executed by J. M. Cleek and his wife
and daughter. The deputy court clerk who took the
acknowledgement, and who now has no personal rec-
collection of the transaction whatever, says that
he was well acquainted with Mary A. Cleek, who was
the second wife of James M. Cleek, and the step-
mother of Mary E. Cleek, and it is not possible that
he could have been imposed upon or have been mis-
taken and had the deed acknowledged by some one
other than Mary A. Cleek. The deputy did not know
and had no acquaintance with Mary E., but as the
acknowledgement to the deed by Mary A. Cleek, whom
he well knew, was taken by him at the same time as
was the acknowledgement of Mary E. Cleek, it is
altogether probable that the officer in certifying to
the acknowledgement of Mary E. Cleek did so upon

the statement of her stepmother, Mary A. Cleek, that she was the person named in the deed. J. M. Cleek was not in Kentucky at that time. He could have had no part in the perpetration of a fraud upon the officer, or in palming off some one else upon him as his daughter, Mary E. Cleek. If such a fraud was perpetrated, it must have been done by Mary A. Cleek, and there is nothing in the record to warrant that this was the case.

Section 3760 of the Kentucky Statutes for 1903 provides that: ''Unless in a direct proceeding against himself or his sureties, no fact officially stated by an officer in respect of a matter about which he is by law required to make a statement, in writing, either in the form of a certificate, return or otherwise, shall be called in question, except upon the allegation of fraud in the party benefited thereby or mistake on the part of the officer.'' In Cox v. Gill, 83 Ky. 669, 7 Ky. Law Rep. 720, this court held that, where the officer's certificate was regular, an allegation of mistake will not permit parol testimony that the acknowledgment was taken out of the county, or that the husband was present, or that the clerk failed to read or explain the contents of the deed. In Dowell v. Mitchell, 82 Ky. 47, 5 Ky. Law Rep. 746, this court held that the wife could not deny that a proper examination was made unless she alleges fraud against the grantee or mistake upon the part of the clerk. In the case of Tichenor v. Yankey, 89 Ky. 508, 11 Ky. Law Rep. 712, 12 S. W. 947, it was held that even under an allegation of fraud or mistake the clerk's certificate could not be contradicted by parol testimony showing that the deed or mortgage was not voluntarily acknowledged by the wife, or that the husband was present. Although in the case of Aultman-Taylor

Co. v. Frasure, 95 Ky. 429, 16 Ky. Law Rep. 6, 26 S. W. 5, this court held that the wife had a right to show by parol that she did not voluntarily acknowledge the mortgage and was not separately examined; yet in that case the mortgagee was present at the time of the execution of the mortgage, and from her conduct, in his presence, he must have known that the wife was being coerced to do what she did not want to do, and, as he was being benefited thereby, this case clearly comes within that exception to the rule which provides that the act of the officer may be called in question collaterally when a fraud has been perpetrated by the party who is benefited thereby. In the case of Pribble v. Hall, 13 Bush 61, this court held that the fraud which will admit of an inquiry into the truth of the officer's certificate must relate to its obtention and not to the instrument acknowledged. In the case before us there is not the slightest evidence that any fraud was practiced in order to obtain the certificate from the deputy clerk. It stands unimpeached and unassailed. The plaintiff seeks to avoid the force and effect of it by relying upon her memory concerning a transaction alleged to have taken place 16 or more years ago. She says she did not execute it; the officer's certificate says she did. She says she was not present, and her friends, speaking from memory, corroborate her, but the officer's certificate says she was, and we are of opinion that more weight, faith, and credit should be given to the officer's certificate than to the mere memory of these witnesses. It is suggested by counsel for appellee that the deed was signed by some Mary Cleek, but not by plaintiff; yet there is not the slightest effort made to show that there ever was any other Mary Cleek in that locality or neighborhood, and from a careful reading

of the record we are of opinion that the evidence offered in this case by plaintiff on this point is not sufficient to outweigh the certificate of the officer to the effect that the deed was signed and acknowledged by Mary Cleek, daughter of James M. Cleek.

This being true, the next question for consideration is: Was plaintiff an infant at the time of the execution of this deed? And, if so, has she lost her right to recover by reason of the lapse of time? Section 2506 of the Kentucky Statutes for 1903 provides: "If, at the time the right of any person to bring an action for the recovery of real property first accrued such person was an infant, married woman, or of unsound mind, then such person, or the person claiming through him, may, though the period of fifteen years has expired, bring the action within three years after the time such disability is removed." If no disability had existed at the time of the execution of the deed, plaintiff would have had 15 years within which to bring her suit. She alleges, and the proof supports the allegation, that at that time she was an infant, that before she reached her majority she married, and that her husband died in 1897. It is insisted by appellants that although she may have been an infant at the date of the execution of the deed, and may have married before she reached her majority, yet, by virtue of the enlarged rights given to married women under the act of 1894 (Acts 1894, p. 176, c. 76), known as the "Weissinger Act," her disability was removed to such an extent that she might have then instituted her suit, and because she failed to do so within three years thereafter, that she has now lost her right so to do. This contention, however, is not well taken, for it has been held by this court that the passage of the Weissinger act did not remove

the disability of coverture so as to permit the statute
to run against a married woman; but the record in
this case shows that plaintiff's husband died in 1897,
and she did not bring her suit until in August, 1904,
or more than seven years after the disability of
coverture was removed.   Section 2505 of the Ken-
tucky Statutes for 1903 provides that: "An action
for the recovery of real property can only be brought
within fifteen years after the right to institute it first
accrued to the plaintiff."   The right in this case
accrued to plaintiff immediately upon the execution
of the deed.   The statute does not provide she shall
have 15 years after the removal of the disability,
but 3 years after the removal of the disability, and
that even though the full 15 years may have expired.
In the case of Higgins v. Stokes, etc., 74 S. W. 251,
24 Ky. Law Rep. 2427, Martha Higgins in January,
1902, filed suit to recover certain land which she
owned, and which her husband had sold and conveyed
to the defendants in 1876; he having died in 1900.
The defendants pleaded the 30-year statute of limita-
tion, also that plaintiff's cause of action accrued more
than 15 years before the passage of the Weissinger
act in March, 1894, and that under section 2506 of
the Kentucky Statutes her right to recover the land
had been lost; but this court held that the disability
of the wife was not removed by the passage of the
Weissinger act in 1894, and approved the case of
Bransom etc., v. Thompson etc., 81 Ky. 387, 5 Ky. Law
Rep. 359, in which it was held no limitation ran against
a feme covert by reason of the sale of her land by her
husband until three years after the removal of her
disability, except under the 30-year statute.

Following the rule adopted by this court in the case
of Higgins v. Stokes, etc., supra, appellee had 15 years

from July 8, 1887, within which to bring her suit, and, being an infant at the date of the execution of this deed, when her cause of action accrued, she was entitled to institute her action within 3 years after the removal of the disability. All disability was removed upon the death of her husband in 1897. Therefore the limitation controlling or governing her cause of action is that fixed by section 2505 of the Kentucky Statutes, inasmuch as the disability was removed more than 3 years before the expiration of the 15 years. The purpose of section 2506 is not to extend the statute of limitation 3 years in any cases save those in which the disability is not removed more than three years before the expiration of the 15 years; it being the purpose of section 2506 to give such persons as are under disability at the time the cause of action accrues 3 full years after the removal of the disability within which to bring their suit. And it is not the purpose of the statute to extend the period fixed save in those cases where it is necessary in order that the claimant may have the benefit of 3 full years within which to sue. Plaintiff having failed to institute her suit within 15 years from the time her cause of action accrued, and within 3 years after the removal of her disability, the trial court should have held the plea of the statute of limitation interposed by the defendants well taken, and a bar to plaintiff's right to recover.

It is insisted by appellee that the exception should have been sustained to that part of the deposition of Judge Jonson in which he testifies from his acquaintance with the handwriting of the plaintiff Mary F. Davis he is of opinion that she signed the deed in question in this case, on the ground that the letters to which he referred as having been received by him

were those written to him by her at a time when he was representing her in a matter of business, and were privileged communications, and matters about which he could not testify. The point, however, is not well taken, for the reason that he testified to no matter contained in said letters, or in any one of them, but merely to the fact that because of having received them he was familiar with the handwriting of the plaintiff Mary E. Davis.

Plaintiff further insists that inasmuch as the defense introduced the witness Mary A. Cleek, and made her their witness, they were thereby estopped from contradicting her testimony. Section 596, Civ. Code Prac., provides that: "The party introducing a witness is not allowed to impeach his credit, by evidence of bad character, unless it was indispensable that the party should produce him, and he may contradict him by other evidence, and by showing that he has made statements different from his present statement." Under this rule, the witness Mary A. Cleek having theretofore made statements directly contradictory to those made at the time when she was giving her deposition, the defendants had the right to show that she had previously made different statements, and the trial court properly permitted this testimony to remain in evidence in the case. The rule is that, where a witness states a fact prejudicial to the party calling him, the latter may be allowed to show that the fact does not exist by proving that the witness has made statements to others inconsistent with his present testimony. Blackburn v. Commonwealth, 75 Ky. 181.

For the reasons given, each of these consolidated cases is now reversed and remanded, with instructions to the trial court to set aside the judgments hereto-

fore entered, and to adjudge the plea of the statute of limitation, interposed by the defendants in each case, a good and sufficient plea, and to dismiss plaintiff's petition, with judgment for costs.