### Bingham v. Anderson.

### Asher v. Green.

### Pursifull v. Broughton.

### Kearns v. Howard.

Decided June 12, 1923.)

## Appeals from Bell Circuit Court.

1. Elections—Delay in Taking Appeal in Election Contest Requires Dismissal.—Since the public is entitled to the services of the duly elected officers, and it is the legislative policy to provide a speedy determination of election contests, the provision of Ky. Stats., 1596a-12, that appeals in election contests shall be perfected within thirty days after final judgment, is mandatory, and compliance therewith is essential to give the Court of Appeals jurisdiction of an appeal in a contest case; so that failure to file either the bond or transcript within the time prescribed will result in a dismissal of the appeal.

2. Appeal and Error—Use of Original Deposition as Transcript Held Provable by Grantor's Affidavit.—The use by the clerk of the circuit court of original depositions, instead of copies thereof as a transcript, after rebacking them and changing the certificate, was the result either of mistake or fraud, so that the fact that such depositions were used can be proved by the affidavit of the clerk under Ky. Stats., section 3760, providing that no fact officially stated by an officer shall be called in question except upon the allegation of fraud in the party benefited thereby, or mistake on the part of the officer.

3. Appeal and Error—Fraud in Making Transcript Need Not be Alleged if Facts are Stated Which Show it.—A motion to strike a transcript on the ground that the clerk of the circuit court had used the original depositions, instead of copies thereof, which alleged facts necessary to constitute fraud or mistake, is sufficient without expressly alleging fraud or mistake.

4. Appeal and Error—Original Depositions Filed as Transcript Cannot be Considered.—Nothing but transcripts of original records can be used on appeal under Civil Code of Practice, sections 737,

743, except as authorized by Ky. Stats., sections 4639, 4641, 4644, so that a bill of evidence, consisting, at the request of appellants, of the original depositions used by the clerk, instead of copies thereof, without any order from the Court of Appeals requiring the original papers to be sent up, must be stricken.

5. Appeal and Error—Motions to File Additional Transcript and for Extension of Time Held too Late.—Where the bill of evidence was stricken because it consisted of the original depositions, and not of copies thereof, though the clerk certified he could have made copies in time to permit the appeal to be perfected within thirty days, motions by appellants for leave to file an additional transcript or for an extension of time within which to file a transcript, not made until sixty days after the rendition of the judgment, are too late.

CLEON K. CALVERT and JAMES M. GILBERT, for appellants Bingham and Asher and appellees Broughton and Howard.

WILLIAM LOW for appellants Pursifull and Kearns and appellees Anderson and Green.

HALL, JONES & LEE for appellee Howard.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

At the regular November, 1921, election in Bell county, the Republican nominees for county attorney, sheriff, county clerk and jailer were opposed by candidates on an Independent ticket. The rival candidates in the order of the offices named above were: Republicans, D. M. Bingham, James Asher, Henry Broughton and James Howard; Independents, T. G. Anderson, Martin Green, Edward Pursifull and J. T. Kearns.

Certificates of election were awarded Anderson and Green, Independents, and Broughton and Howard, Republicans. The several losers contested the election and a great deal of evidence was taken. On submission the lower court dismissed all the contests, filing a written opinion in each case, its conclusions being in part: "After careful reading of the record and the contentions of each of the parties, I am of the opinion that the vote in several precincts should be eliminated from the entire vote cast for plaintiff and defendant, but if this were done, in my opinion, the result would not be changed . . . there being no fraud shown on the part of either plaintiff or defendant, I have reached the conclusion that the defendant was legally elected to the office he now holds."

The four contestants have filed separate appeals in this court.

In taking depositions, evidence was taken in each of the several cases, and by a stipulation filed of record it was agreed that in the lower court they were to be heard and tried together and all the evidence considered in each case, which was done. The judgment of the lower court was entered June 19, 1922. On June 29, 1922, the contestants, Bingham, Asher and Pursifull, filed separate schedules in the office of the circuit clerk of Bell county, each directing him to copy into one transcript all of the pleadings and orders in his respective case, and all the evidence taken in all the cases, and the contestant, Kearns, did the same on July 13, 1922.

On that day, July 13, 1922, a stipulation was signed by the attorneys for all the contestants, in which it was agreed that a transcript of the evidence was to be filed in the office of the clerk of this court, in the case of Asher v. Green; that it was an entire and complete transcript of all the evidence heard in the lower court; that each of the contestants should file separate transcripts of the pleadings, motions, demurrers and orders in his individual case, and same, together with the transcript of evidence in the Asher-Green case, should constitute the entire record, and on July 17 the clerk did file a purported record in accordance with this stipulation.

Later, on September 18, without asking this court for an extension of time Pursifull had the record copied and offered to file supplemental transcript. On September 22, 1922, Frank Kearns requested additional time to file transcript. On the 18th of September each of the various contestees moved the court to strike from the record the purported transcript of the evidence filed in case of Asher v. Green, on the ground that it was not a transcript but the original depositions in the case; and in support of the several motions each contestee filed the affidavit of the clerk, in which he states such to be the fact; that at the suggestion and direction of the various attorneys for the contestants he removed the covers from the original depositions and rebacked each set and marked them as a transcript and sent them up as such, but in fact did not copy any of them.

He further states that he had time and could have copied all of the record in thirty days but that contestant

did not ask for it until June 29, ten days after judgment was rendered. These various motions were passed to the merits and are now consolidated, all of the cases being heard together.

Section 1596a-12, Kentucky Statutes, provides:

" . . . either party may appeal from the judgment of the circuit court to the Court of Appeals, by giving bond to the clerk of the circuit court, with good surety, conditioned for the payment of all costs and damages the other party may sustain by reason of the appeal and by filing the record in the clerk's office of the Court of Appeals within thirty days after final judgment in the circuit court. And in the Court of Appeals the case shall be heard and determined as speedily as possible, and shall have precedence over all other cases . . ."

The public is entitled to the services of the duly elected officers, and it is the legislative policy to provide a speedy determination of election contests, and the provision, *supra,* for the execution of bond and record in thirty days has been construed as mandatory, and that such action in such time in both particulars is essential to give this court jurisdiction of an appeal in a contest case, and that a failure to file either in that time will result in a dismissal of the appeal. Lykins v. Steele, 25 Rep. 536; Krim v. Helmbold, 113 Ky. 759; Kash v. Strong, 165 Ky. 844.

For the present, passing the question raised by contestants, Pursifull and Kearns, in the motion of the former to file additional record on September 18, and of the latter to extend time for him to prepare transcript.

The affidavit of the clerk as to the manner in which this record is made up is not controverted and must be accepted as true. This raises two questions: First, can his original certificate be impeached in this way? Second, if thus impeached, can this court consider the original depositions thus brought up as a transcript of the evidence?

On the first proposition contestants rely on section 3760, Kentucky Statutes, which provides:

"Unless in a direct proceeding against himself or his sureties no fact officially stated by an officer in respect to a matter about which he is by law required to make a statement in writing, either in the form of a certificate, return or otherwise, shall be called in question,

except upon the allegation of fraud in the party benefited thereby, or mistake on the part of the officer.''

The purpose of this statute is to stabilize public records, and it has been liberally construed in a number of cases, especially in reference to certificates of acknowledgment of deeds. Tichenor v. Yankey, 89 Ky. 513; Cox v. Gill, 83 Ky. 669; Dowell v. Mitchell, 82 Ky. 47; Dukes v. Davis, 125 Ky. 313. But, on the other hand, it anticipates mistakes on the part of officers and fraud upon the part of those to be benefited and makes an exception in each instance. These exceptions seem peculiarly applicable to the facts of this case. Here the clerk at the instance of contestants took the covers from the original depositions, and, it seems, removed the original certificates of the notaries and substituted those with typewritten signatures, rebacked and certified them as a transcript of proof. This was certainly a misstatement of fact either by mistake or by fraud and was made with the knowledge of the officer and of the party seeking to be benefited. It was at best a mistake, to change the notaries' certificates and certify the original as a transcript; at worst it would be a fraud, and in either event parol evidence would be permissible to show the fact.

In the case of Aultman-Taylor v. Frasure, 95 Ky. 435, it appeared that a deed from a married women was procured by coercion of the husband and acknowledged in his presence with the knowledge of the grantee and clerk, but fraud was not pleaded. The court admitted the evidence, saying: ''For if a certificate cannot be called in question by reason of mistake on the part of the clerk, committed in the presence of the vendee or mortgagee, there is no state of case in which it can be done, and the exceptions contained do not apply or operate at all.''

Appellant relies on the cases of Utter, &c. v. Allen, 80 S. W. 447; Riggs v. Stevens, 92 Ky. 393. The former was a suit to set aside a judgment in which the sheriff's return on the summons was attacked. The court held that in order to set aside the judgment the evidence must be clear, positive and convincing, that it was obtained by the fraud of the plaintiffs or by the mistake of the officer in executing the summons, but did not hold the evidence inadmissible.

In Riggs v. Stevens the evidence was admitted. In Rainey v. Francis, &c., 169 Ky. 475, there was no allegation of fraud or mistake. It further appears in this

case that the motion sets out fully all of the facts upon which contestees rely, and as these facts, if true, constitute fraud or mistake it is unnecessary to allege such in terms. Pryse v. McGuire, 81 Ky. 611. We conclude that the evidence is competent.

Second. Can the court consider this bill of evidence as a transcript? Unquestionably both sides to a lawsuit may agree upon filing the original record in this court. In some instances where the record cannot be copied except at great and unnecessary cost this court will permit the original record to be brought here under a subpoena *duces tecum*, and returned after a disposition of the case, but this procedure is not favored. The office of the circuit clerk is the repository of these records. They are public property and all parties are entitled to have access to them. It appears that without the consent of appellees the original records have been brought here, but the certificate of the notaries and the backs which contained the filing endorsements have been removed and they are now certified as a transcript; hence, they could not properly be returned as the original records.

In the case of the Courier-Journal Job Printing Co. v. Cadoza, 21 Rep. 1259, the court said:

"This court appears never to have ordered any of the original papers brought here to be used on this appeal. Nothing but transcripts of original records can be used on appeal (Civil Code of Practice, sections 737 and 743) except as authorized by sections 4639, 4641 and 4644, Kentucky Statutes.

"In the case of the Proctor Coal Co. v. Finley, 17 Law Rep. 310, the court held that the original papers in an action cannot be brought here from the inferior court without an order of this court, except under the sections named. The depositions in this case having been taken before notaries public, the original papers cannot be properly used on this appeal."

And in the case of Rainey v. Rainey, 144 Ky. 502, the court said:

"The purpose of having transcripts made on appeal to this court is that the original record shall remain in the circuit clerk's office and shall not be subjected to the risk of loss in being brought to this court and returned after the decision of the appeal.

"Unless a view of the papers is important to a correct decision of the appeal, the court will not, except in extreme cases, order the original papers brought here. It will not in such cases order pleadings or small papers brought here, but only bulky parts of the record such as books or the like, the copying of which will cause great and unnecessary cost or delay. The showing here does not warrant the writ."

A reference to the cases of Lykens v. Steele, Krimm v. Humbold, Kash v. Strong, *supra,* as well as Creech v. Brock, 159 Ky. 742, will demonstrate that the court regards transcripts of the record as essential in election contests as in other cases, and we conclude that this cannot be dispensed with except by agreement or order of court. There was no agreement and no motion to extend time in the cases of Bingham v. Anderson and Asher v. Green. It follows that the motion to strike the bill of evidence filed in the case of Asher v. Green should be sustained and that bill is now stricken from the record.

The appellant, Kearns, did on the 20th day of September, 1922, something over three months subsequent to the rendition of the judgment, ask for an extension of time to prepare transcript. He also filed affidavit of the clerk in support thereof, but a reference to the record will show that he did not file his schedule in the clerk's office in the lower court until July 13, 1922. It also shows that he gave the clerk the same directions as to filing the original records in this court as did the other candidates. The appellant, Pursifull, on September 18, offered to file a transcript of the record and supported it with the affidavit of the clerk as to the length of time it would take to make a transcript. It is shown, however, that he also directed the clerk in the preparation of the original record, as has been hereinbefore set out. If the original record had been brought up by just one or more of the contestants and the others desiring to appeal had been denied access to it, by making seasonable application to this court no doubt an extension of time would have been granted if necessary for the purpose of making the transcript. But no seasonable motion of that character was ever made by either Kearns or Pursifull.

All the cases here were tried together in the court below on the same evidence, and we are not now determining whether or not they could have been so tried in this court upon a single valid bill. What we are determining is

that the clerk shows. that he could have made a valid bill in the thirty days allowed by law, and by the use of carbon paper it is likely that he could have made four transcripts as easily as one, if the court had required separate transcripts. At any rate, if such had been required each appellant by seasonable application and a proper showing could have secured an extension of time sufficient for that purpose, but instead they all rely on an invalid bill of evidence and in securing which all participated, and sixty days after the expiration of the time limit motion was made by Pursifull to file additional transcript and by Kearns for an extension of time to prepare same. Under the circumstances this is too late and these motions are now overruled. Creech v. Brock, 159 Ky. 742.

This leaves nothing but the pleadings, motions, orders and judgment of the court in the record, and as the former sustains the latter each of the various judgments is now affirmed.

Whole court sitting.