## HALEY v. COMMONWEALTH.

Court of Appeals of Kentucky.

Oct. 9, 1953.

Maubert R. Mills, Madisonville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

CAMMACK, Justice.

Gene Haley was sentenced to seven years in prison in September, 1952, for shooting Paul Sherrod. The principal ground urged for reversal is that the court erred in refusing to allow Haley to contradict his witness, Robert Brown, for the purpose of showing that he had made statements different from his testimony given at the trial. We think this contention is well grounded, and we shall confine our consideration of the case to that point.

The shooting occurred in Otie Saint's gambling place. Haley, a man 58 years of age, partially blind, and crippled in one arm, entered Saint's place and shot Sherrod, inflicting a flesh wound in one arm. Haley and Sherrod had had some previous difficulty and Haley's story was that he had been told by Robert Brown that Sherrod had threatened to kill him. He said also that, when he entered Saint's place, he had some words with Sherrod, that Sherrod reached toward his pocket and he then shot him. When Brown was placed on the witness stand he said he did not communicate what Sherrod had said directly to Haley. He made the same statement on cross examination. The Commonwealth's Attorney then moved that all of Brown's testimony be withdrawn from the jury and the jury be admonished not to consider it because the witness had said he did not tell Haley about Sherrod's threat. This motion was sustained. Haley then sought to show by Jewell Workman that Brown had told Haley in his presence of Sherrod's threat. The Commonwealth objected to Workman's testimony on the ground that Haley could not contradict his own witness. This objection was sustained.

Section 596 of the Civil Code of Practice was held applicable to criminal cases. Harvey v. Commonwealth, 287 Ky. 92, 152

S.W.2d 282. That section provided that a party producing a witness could contradict him by other evidence and by showing that he had made statements different from his testimony. We do not think Brown's testimony should have been withdrawn from the jury. Furthermore, Workman's testimony was competent.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.