**COMMONWEALTH of Kentucky, Appellant,**

**v.**

**Bill STRUNK, Appellee.**

Court of Appeals of Kentucky.

Sept. 14, 1956.

Jo M. Ferguson, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., Wm. J. Wise, Commonwealth's Atty., Newport, for appellant.

A. J. Jolly, Newport, for appellee.

HOGG, Judge.

Appellee, Bill Strunk, was indicted in the Campbell Circuit Court for raping a girl of twelve years of age against her will. From an order sustaining a motion by appellee to set aside the swearing of the jury and continuing the case, the Commonwealth brings this appeal asking for a certification of the law as to the propriety of the ruling of the court.

The evidence introduced on behalf of the Commonwealth revealed that appellee, aged twenty-one, and his twelve-year-old date, Glenna Taffee, the prosecutrix, went for an automobile ride in a rural section of Campbell County. They were accompanied by another couple, Carol Williams and Harold Strunk, both aged fourteen, who were riding in the rear seat of the car. The appellee parked his car in a secluded place, and, according to the testimony of the prosecutrix, proceeded to have sexual intercourse with her against her will.

The Commonwealth introduced Carol Williams as a witness in its behalf. She testified, in substance, that appellee had forcibly had intercourse with prosecutrix. The Commonwealth then introduced Harold Strunk. During the direct examination of Strunk, he testified that the prosecutrix had consented to the intercourse with appellee, and nobody in the car had protested against it. Then, during direct examination, the Commonwealth asked Strunk whether or not he had made a prior statement a few hours after the alleged incident occurred to the effect that appellee had intercourse with the prosecutrix against her will and that he, the witness, had attempted to stop the appellee but was unable to prevent it. Counsel for appellee interposed an objection to this question, which the court overruled, and the witness answered in the negative. The court then permitted the Commonwealth, through the testimony of the County Juvenile Officer, to establish that the conversation had taken place between the officer and the witness. Thereupon, the appellee moved to set aside the swearing of the jury, and the motion was sustained and the case was continued.

The question for our determination is whether or not one who is surprised by unfavorable testimony of his own witness can impeach him by proving that he has made prior contradictory statements.

■ In applying Section 596 of the Civil Code of Practice, this court has consistently held in civil and criminal proceedings that one may impeach his own witness, by proof of contradictory statements, where the witness testifies positively to the existence of a fact prejudicial to the party, or to a fact clearly favorable to the adverse party. Click v. Commonwealth, Ky., 269 S.W.2d 203; Mosley v. Commonwealth, 24 Ky.Law Rep. 1811, 72 S.W. 344; Garrison v. Commonwealth, 122 Ky. 882, 93 S.W. 594; Dukes v. Davis, 125 Ky. 313, 101 S.W. 390; Buck v. Kleinschmidt, 279 Ky. 569, 131 S.W.2d 714; Harvey v. Commonwealth, 287 Ky. 92, 152 S.W.2d 282; Maddox v. Commonwealth, 311 Ky. 685, 225 S.W.2d 107; Harvey v. Commonwealth, 312 Ky. 688, 229 S.W.2d 458; Haley v. Commonwealth, Ky., 261 S.W.2d 439. This rule of law also applies in interpreting Civil Rule 43.07, now in effect.

■■ It is evident in the case at hand that Harold Strunk gave testimony prejudicial to the Commonwealth when he stated facts tending to prove that prosecutrix consented to the intercourse with appellee. Even though the Commonwealth had presented prosecutrix and an eyewitness, Carol Williams, who testified that prosecutrix had been forced to have intercourse, the testimony of the other eyewitness, Harold Strunk, was important testimony to support the Commonwealth's version of the case. The Commonwealth used a legitimate method to impeach its witness, and the court erred in setting aside the swearing of the jury and continuing the case. However, upon permitting such contradictory statements to be introduced, the court should admonish the jury that it is only admissible for the purpose of impeaching the credibility of the witness if it does so impeach him, and for no other purpose.

The law is so certified.